**AMERICAN HOME ASSURANCE COMPANY, Appellant,**

v.

**Reynaldo FABELA, Appellee.**

**No. 13-82-224-CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 1, 1983.

Rehearing Denied Oct. 6, 1983.

John O. Miller, III, White, Huseman, Pletcher & Powers, Corpus Christi, for appellant.

B. Mills Latham, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

The sole issue in this worker's compensation case is whether an employee received his injuries in the course of his employment. A jury answered this question in the affirmative and awarded Reynaldo Fabela

$55,410.09. The American Home Assurance Company complains that there was no evidence or insufficient evidence to support the jury's finding. We reverse.

In November of 1979, Reynaldo Fabela worked for Petroleum Helicopters, Inc., as a pilot. The P.H.I. base in Rockport is approximately fifty miles from Fabela's home in Corpus Christi. He left home at approximately 5:00 a.m. to travel to work on November 6. Because it was still dark, Fabela apparently did not see the black cow which had wandered onto the road. He sustained serious injuries as a result of his collision with the cow.

■■■■ An employee is entitled to worker's compensation benefits only if his injuries were sustained in the course of employment. Tex.Rev.Civ.Stat.Ann.Art. 8306 § 1 (Vernon 1967). A claimant must meet two requirements: (1) the injury must have occurred while the employee was engaged in the furtherance of the employer's business; and (2) the injury must have been of the kind and character that had to do with and originated in the employer's business. *Deatherage v. International Ins. Co.,* 615 S.W.2d 181, 182 (Tex.1981). Injuries received while using the public streets and highways are generally not compensable because those injuries are usually suffered as a consequence of risks to which all members of the traveling public are subject rather than risks originating in the work of the employers. *Texas General Indemnity Co. v. Bottom,* 365 S.W.2d 350, 353 (Tex.1963). There are exceptions to this rule, which the trial court here included in its charge as follows:

" 'EMPLOYEE INJURED WHILE TRAVELING TO OR FROM WORK.' An injury occurring while traveling to or from work is not in the course of employment unless:

1. The transportation is furnished by the employer as a part of the contract of employment and not as a gratuitous accommodation to the employee, or is paid for by the employer; or

2. The means of transportation are under the control of the employer; or

3. The employee is engaged in a special mission at the direction of the employer; or

4. The employee is performing a service in furtherance of the employer's business with the express or implied approval of the employer.

Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip." See Tex.Rev.Civ.Stat.Ann. Art. 8309 § 1b (Vernon 1967).

The record does not support, nor does the appellee argue, that P.H.I. furnished or controlled his transportation or that he was engaged in a special mission at the direction of his employer. He does maintain that the fourth exception applies.

■■■■ When confronted with a no evidence point of error, this Court is required to consider only that evidence which supports the finding and then in its most favorable light. *Schaefer v. Texas Employer's Insurance Association,* 612 S.W.2d 199 (Tex. 1981). In considering a factual insufficiency point, it is our duty to consider and weigh all the evidence in the record to determine if it supports the judgment. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex. 1980).

The evidence in this case showed that Fabela had the option of staying in company owned housing in Rockport or going home to Corpus Christi. When the appellee remained in Rockport, he received a small housing and food allowance. Fabela testified that people at P.H.I. encouraged him to go home so that they could avoid paying

this allowance. He admitted that he was not told to go home the evening before the accident in question and that he did so solely to see his family. He also stated that he was "on call" during the evening and that he was allowed to do paperwork at home. The appellee introduced into evidence the company rule forbidding the consumption of liquor by pilots in the twenty-four hour period preceding flight.

Fabela maintains that, by going home at his employer's encouragement, he performed a service (saving the company his expense allowance) with the approval of his employer. He argues that being "on call", abstaining from alcohol, and being allowed to do paperwork at home combined with his effort to save the company expenses, show that he was in the course of employment.[1] To come within the "furtherance of the employer's business" exception, it was necessary for the appellee to satisfy the dual purpose rule: that the trip would have been made in the absence of personal reasons for making it and that it would not have been made if nothing could be accomplished for his employer. Fabela introduced no evidence to meet the dual purpose test. Instead, he admitted that his sole reason for the trip was to visit his family. The evidence showing that he was furthering his employer's business is sparse and by Fabela's own testimony, he did not satisfy the dual purpose rule. Therefore, we conclude that the jury's finding that Fabela's injury was sustained in the course of employment is not supported by legally or factually sufficient evidence. All of appellant's points of error are sustained.

The judgment of the trial court is, therefore, reversed and judgment is here rendered that appellee Fabela take nothing.

---

1. The record shows that Fabela was not being called in to work, but was coming in to begin a regular shift and that he always did his paperwork at the base. P.H.I. denied that its pilots were ever "on call". There was evidence that P.H.I. did not permit its pilots to do paperwork off the base.