**UNITED STATES FIRE INSURANCE COMPANY, Appellant,**

v.

**Terri Sue EBERSTEIN, Individually and as Next Friend of Leslie Michelle Eberstein and Adrian Elizabeth Eberstein, Minors, Appellees.**

No. 05–85–01081–CV.

Court of Appeals of Texas, Dallas.

May 7, 1986.

Rehearing Denied June 12, 1986.

Cary Dorman, Royal H. Brin, Jr., Mark H. Donheiser, Strasburger & Price, Dallas, for appellant.

Ronald D. Wren, Stradley, Schmidt, Stephens & Wright, Dallas, for appellees.

Before STEPHENS, GUILLOT and STEWART, JJ.

GUILLOT, Justice.

United States Fire Insurance Company ("USFI") appeals from a judgment in favor of appellee, Terri Sue Eberstein, individually and as next friend of Leslie Michelle Eberstein and Adrian Elizabeth Eberstein, minors (collectively referred to as "Eberstein"). For the reasons below, we reverse and render judgment in favor of USFI.

Eberstein sought recovery of worker's compensation death benefits under sections 1 and 1b of article 8309 of the Revised Civil Statutes, for the fatal automobile accident of Dr. Allan Eberstein. Dr. Eberstein was the sole employee of Dr. Allan Eberstein, P.A., which provided the car Dr. Eberstein was driving at the time of his accident. It is undisputed that the professional association paid all the expenses for the car including maintenance and insurance premiums.

The factual dispute in this case concerns Dr. Eberstein's destination at the time of the accident. Dr. Eberstein had left a Grand Prairie golf course, where he had just participated in a golf tournament, and was proceeding on Interstate 30 heading east at the time of his accident. The jury found that Dr. Eberstein was on his way to visit a patient at Dedman Hospital in Farmers Branch, Texas, although USFI contended that Dr. Eberstein was on his way to a basketball game at Reunion Arena.

USFI contends in its first point of error that, even assuming that Dr. Eberstein was driving to visit a patient at the hospital, as a matter of law, he was not in the course of his employment. We agree and, accordingly, reverse and render judgment in favor of USFI.

■ As a general rule, an injury occurring from the use of the public streets or highways in going to and returning from one's place of employment is noncompensable. *Janak v. Texas Employers' Insurance Association*, 381 S.W.2d 176, 178 (Tex.1964). Such an injury is suffered as a consequence of the risks and hazards to which all members of the traveling public are subject, rather than the risks and hazards having to do with and originating in the work or business of an employer. *Texas General Indemnity Co. v. Bottom*, 365 S.W.2d 350, 353 (Tex.1963); and *Smith v. Dallas County Hospital District*, 687 S.W.2d 69, 72 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ Under article 8309, section 1b injuries occurring during travel may be in the course and scope of employment and, therefore, compensable when transportation is: (1) furnished as a part of the contract of employment; or (2) paid for by the employer; or (3) under the control of the employer; or (4) when the employee is directed in his employment to proceed from one place to another place. *Janak*, 381 S.W.2d at 179. However, the mere gratuitous furnishing of transportation by the employer, as an accomodation to the employee and not as an integral part of the contract of employment, does not bring the employee within the protection of the Worker's Compensation Act. *Bottom*, 365 S.W.2d at 353. Section 1b of article 8309 must still be read in conjunction with section 1 of article 8309. *Id.* Therefore, the claimant must still show that the injury was of the kind and character that had to do with and originated in the work, business, trade, or profession of the employer and was received while he was engaged in or about the furtherance of the affairs or business of the employer. *Id.* at 354.

■ We hold that the professional association gratuituously furnished Dr. Eberstein with a car. The car was not an integral part of Dr. Eberstein's work. Although the car provided transportation for the doctor to get to the hospital, his work—surgery—was performed at the hospital. Furthermore, it cannot be said that, if the professional association did not provide the car, the doctor would not work as a surgeon. We distinguish the present case from those cases where the location of drilling sites in uninhabited areas made it essential that the employers furnish transportation in order to secure employees. *See, Texas Employers' Insurance Association v. Byrd*, 540 S.W.2d 460, 462–63 (Tex. Civ.App.—El Paso 1976, writ ref'd n.r.e.).

■ We must now determine whether the injury was of the kind and character that originated in the work of the employer and was received in furtherance of the employer's business. Here, the issue of course of employment is more difficult to determine where the doctor was the sole manager and employee of the professional association. *See Liberty Mutual Insurance Co. v. Preston*, 399 S.W.2d 367, 371 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.). However, even assuming that a car accident, occurring while traveling to visit a patient, is the kind of injury originating in the work of a surgeon, we hold that Dr. Eberstein's injuries were not received in furtherance of his employment under the *Janak* test.

In *Janak*, the supreme court delineated a test to determine compensability where an employee travels for both personal and business purposes:

> [I]njuries occurring during travel for the dual purpose of furthering the affairs or business of the employer and of furthering the employee's personal or private affairs shall not be deemed in the course of employment, and therefore compensable, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip.

*Janak*, 381 S.W.2d at 179.

The courts in *Bottom*, 365 S.W.2d at 354, and *Preston*, 399 S.W.2d at 372, reviewed

the entire trips of the employees made for dual purposes to determine whether the trips were made in furtherance of the employers' affairs. In reviewing the entire trip of Dr. Eberstein and in applying the dual purpose test, we cannot hold that Dr. Eberstein's trip from the golf course to the place of the accident would have been made even had the doctor had no personal business at the golf course. Dr. Eberstein was not directed by his employer, the association, to drive to the golf course and spend an afternoon playing golf. Instead, Dr. Eberstein drove to the golf course in the company car on a purely personal mission and, as a result of that personal mission, he had to drive the car on a return trip from the golf course, whether he intended to return home or to visit a patient. Furthermore, we cannot hold that Dr. Eberstein's trip from the golf course to the place of injury would not have been made had there been no business of the employer to be furthered by the trip. The doctor had to return from the golf course regardless of whether he intended to visit a patient.

We hold that Dr. Eberstein's injuries were not received in furtherance of his employer's business and, hence, were not in the course of his employment. We sustain USFI's first point of error and we reverse the judgment of the trial court and render judgment in favor of USFI.