**Joyce K. EVANS, Individually and on Behalf of Amanda Jo Evans, a Minor, et al., Petitioners,**

v.

**ILLINOIS EMPLOYERS INSURANCE OF WAUSAU, Respondent.**

No. C–8893.

Supreme Court of Texas.

May 30, 1990.

---

Joe K. Crews, Dallas, for petitioners.

Jeff R. Boggess, Irving, Susan K. Laughead, San Antonio, for respondent.

## OPINION

HIGHTOWER, Justice.

This is a worker's compensation case. The issue presented to the court is whether Larry Brawdy and James Evans were on a special mission for their employer, Railroad Builders, on the morning of Monday, February 24, 1986, when the vehicle in which both were traveling was struck by a train. The trial court granted summary judgment in favor of Illinois Employer Insurance of Wausau, the worker's compensation carrier. The court of appeals affirmed, finding that Brawdy and Evans had not begun their workday at the time of the accident, were not on a special mission for their employer, and were not within the course and scope of employment as a matter of law. Agreeing with the decisions of both the trial court and the court of appeals, we affirm.

Railroad Builders was performing under a contract with the Army Corps of Engineers to relocate a county road and railroad tracks and build the necessary bridges. The job site was located six miles north of Tioga, Texas at an area known as Range Creek. A provision in the contract required all personnel working on the job to attend safety meetings held every Monday morning in a trailer located 1–½ miles south of Tioga. Although they began working for Railroad Builders as carpenters on Monday, February 17, 1986, Evans and Brawdy did not attend that day's safety meeting.

On the Friday before the accident, Brawdy and Evans were instructed by their supervisor to attend the safety meeting at 7:30 am on the following Monday morning, at which time their pay began. With Evans as a passenger, Brawdy was driving directly to the meeting at approximately 7:20 a.m. when a collision with a train rendered him a quadraplegic and killed Evans.

Article 8309, section 1, of the Workers' Compensation Act (the Act) provides that an "injury sustained in the course of employment" shall include

all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

TEX.REV.CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967).

██ In general, injuries which occur while the employee is traveling to or from work are not compensable under the Act. *Bissett v. T.E.I.A.*, 704 S.W.2d 335, 337 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). As this court stated in *American General Insurance Co. v. Coleman*, 157 Tex. 377, 303 S.W.2d 370 (1957), the reasoning behind this rule is that injury incurred in such travel does not arise out of that person's employment, but rather is suffered due to the dangers and risks to which all traveling persons are exposed. *Id.* at 374. An exception has been made for a "special mission" when an employee is "directed in his employment to proceed from one place to another place." TEX.REV.CIV.STAT.ANN. art. 8309, § 1b (Vernon 1967).

██ All of Railroad Builders employees were required to attend the regularly scheduled safety meetings as a part of their employment. Since attendance was, therefore, an integral part of the job, and not a special mission, travel to the safety meeting was simply travel to work.

██ Petitioners assert that the earlier starting time tends to prove (though not conclusively) that this was a special mission. A time change alone has been held insufficient to transform a trip into a "special mission." *Bales v. Liberty Mutual Ins. Co.*, 437 S.W.2d 575, 578 (Tex.Civ.App.—Amarillo 1969, no writ). Petitioners also assert that the different location or site for the meeting indicated that Brawdy and Evans were on a special mission. In *Bissett v. Texas Employers Insurance Association*, 704 S.W.2d 335 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.), it was recognized that an employee "can have more than one fixed place of employment and that fixed place of employment can change according to the nature of his work." *Id.* at 338.

In *Texas General Indemnity Co. v. Bottom*, 365 S.W.2d 350 (Tex.1963), the employee, Bottom, had signed out at his job on Saturday afternoon indicating that he was going home and that he would be available to work the next day. On his way to work on Sunday, Bottom was killed while driving his own vehicle (a tractor-truck leased to his employer). This court, in determining whether Bottom was injured in the course and scope of employment, found that he had driven the truck home at his own expense and to serve his own personal purposes. At the time of the accident, he was returning to his place of employment where he expected to resume his duties. *Id.* at 354. The court found that his death did not have to do with and originate in the business of his employer but rather was a result of the hazards to which he was exposed as a member of the traveling public. *Id.* The facts are similar and the result the same in this case.

Similarly, in *United States Fire Insurance Co. v. Eberstein*, 711 S.W.2d 355 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), a doctor left a golf course in order to see a patient at a nearby hospital. While en route, he was killed in an automobile accident. The court of appeals noted that the courts in *Bottom*, 365 S.W.2d 350, and *Liberty Mutual Insurance Co. v. Preston*, 399 S.W.2d 367 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.) had reviewed the entire trips of the employees made for dual purposes to determine whether or not these trips were made in furtherance of the employers affairs. *Eberstein*, 711 S.W.2d at 358. The Dallas Court of Appeals found that Dr. Eberstein was not directed by his employer to drive to the golf course initially. The court found that Dr. Eberstein had driven to the golf course on a purely personal mission and, as a result of this, had to drive the return trip from the course whether the return destination was home or to the hospital. *Id.* The court determined it could not hold that the doctor's trip from the golf course to the place of the accident would not have been made had there been no business of the employer to be furthered by the trip. *Id.* Dr. Eberstein had to return from the golf course regardless of whether he visited a patient or not.

Brawdy and Evans were in a similar situation. When they left work on Friday,

they were free to do what they wished on the weekend, not subject to the demands of their employer. However, on Monday morning, both men had to return to work from wherever they happened to be. Since the trip home (on Friday) was made for purely personal reasons, the return trip to work was not made in the furtherance of the affairs of their employer, Railroad Builders.

Had Brawdy and Evans been injured while en route from the safety meeting to the primary work site (at Range Creek), these injuries would have been covered by the Act. However, since neither of them had begun work, their injuries fall squarely within the "coming and going" rule and they are thereby precluded from recovering workers' compensation benefits. If other factors are not found to be special, then the employee must have been actually working as he traveled down the road in order for an injury to be compensable. The safety meetings were not "special missions" but rather a regularly scheduled part of each employee's job.

Railroad Builders neither supplied the transportation, compensated employees for transportation time to the safety meetings, specified the route to be taken by Brawdy and Evans, nor was aware of the route normally taken by Brawdy and Evans. Because the route to the safety meetings was neither specified nor known by Railroad Builders, there could be no "deviation" which would bring this case within the coverage of the Act.

The risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers. *American Home Assurance Co. v. Fabela,* 658 S.W.2d 264 (Tex.Civ.App.—Corpus Christi 1983, writ ref'd n.r.e.). Because Brawdy and Evans were outside the scope of employment—merely being on their way to work at the time of the accident—we affirm the decision of the court of appeals.

MAUZY, J., dissents, joined by RAY, J.

MAUZY, Justice, dissenting.

This is an appeal from a summary judgment in a workers' compensation case. James L. Evans and Larry Brawdy were employed by Railroad Builders as part of a construction crew to build a bridge. They were instructed to attend a safety meeting at a place different from their job site. On the way to the safety meeting, their car collided with a train killing Evans and severely injuring Brawdy. The trial court granted a summary judgment to their insurance carrier, Illinois Employers Insurance of Wausau. The trial court granted Wausau's motion for summary judgment on the grounds that Brawdy and Evans were not, as a matter of law, in the course and scope of their employment at the time of the accident. In an unpublished opinion, the court of appeals affirmed.

I believe that a fact issue exists as to whether Brawdy and Evans were on a "special mission" and thus, whether their injuries are compensable under Tex.Rev. Civ.Stat.Ann. art. 8309 § 1b. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671 (Tex.1979).

RAY, J., joins in this dissent.