**Suzanne Renee TRAMEL, and Husband, Rory Tramel, Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellee.**

**No. 2–91–064–CV.**

Court of Appeals of Texas, Fort Worth.

May 6, 1992.

Rehearing Overruled June 10, 1992.

Wright & Associates and John Wright, Grand Prairie, for appellants.

Stewart, Colaneri & Renwick and Malcolm G. Renwick, Arlington, for appellee.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Suzanne Renee Tramel and her husband Rory Tramel, appeal from the granting of a summary judgment in favor of State Farm Fire & Casualty Company, appellee. In five points of error the Tramels state that the trial court erred in granting State Farm's motion for summary judgment and in denying their motion. They claim that material fact issues exist as to whether Suzanne Tramel was acting in the course and scope of her employment at the time of her injuries. Specifically, they argue that Suzanne was entitled to workers' compensation under both the "special mission" and "dual purpose" doctrines of the Texas Workers' Compensation Act. TEX.REV. CIV.STAT.ANN. art. 8309, sec. 1b (Vernon 1967). The Tramels contend in a sixth point of error that it was error for the trial court to dispose of their contractual claims for breach of duty of good faith and fair dealing, and allegations that State Farm violated the Texas Insurance Code and Texas Deceptive Trade Practices Act.

We affirm.

On the morning of December 31, 1987, a Thursday, Suzanne Tramel left her home to go either to her place of employment, or to the bank just prior to proceeding to work. While en route, she was involved in an auto accident and seriously injured. There is ample evidence in the record that Suzanne, at the direction of her employer, regularly went to the bank on Thursdays to obtain cash necessary to operate the hair salon where she worked. State Farm does not concede that Suzanne was on her way to the bank when the accident occurred, but for purposes of supporting its motion for summary judgment and in responding to

this appeal, State Farm assumes arguendo that Suzanne was going to the bank prior to proceeding to the hair salon.

The route to work and the route to the bank are the same for some distance. Proceeding to the bank, however, requires traveling down Matlock Road in Arlington for some distance beyond her place of employment. The accident occurred on that portion of the route common to a trip to either the hair salon alone or to the bank.

■ We must determine whether State Farm met its burden for summary judgment by establishing that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a.

■ As the accident in question occurred in 1987, the facts and disposition of this case are governed by the laws in place prior to the workers' compensation reform measures which became effective in 1991. Specifically, injuries occurring during transportation or travel are governed by TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1b (Vernon 1967), as follows:

**Transportation or travel as basis for claim for injury**

Sec. 1b. Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip. *Id.* Under this statute, in order to be entitled to compensation coverage while traveling or being transported, the employee's trip must occur within one of the four exceptions set out in the first sentence of the statute. The second sentence of the statute is the additional requirement that must be met if the worker is acting in a "dual purpose," or furthering both the affairs of himself and that of the business. If the trip is for a "dual purpose," both parts of the statute must be met by the employee in order to be entitled to coverage. *Janak v. Texas Employers' Ins. Ass'n,* 381 S.W.2d 176, 180 (Tex.1964). An injury that occurs while traveling to and from work is considered a personal and private affair of the employee and is not compensable under the Texas Workers' Compensation Act. *Evans v. Illinois Emp. Ins. of Wausau,* 790 S.W.2d 302, 304 (Tex.1990).

■ The Tramels claim that Suzanne was "directed in her employment to proceed from one place to another place," or directed by the owner of the business to go on a "special mission" to the bank as part of her job duties. They cite *Freeman v. Texas Compensation Ins. Co.,* 586 S.W.2d 172 (Tex.Civ.App.—Fort Worth 1979), *aff'd,* 603 S.W.2d 186 (Tex.1980) as authority for their position that Suzanne was on a "special mission" at the time of the accident. In *Freeman,* the employee was at his regular place of business for some time, then was directed by his employer to go take a polygraph exam at another location. *Freeman,* 586 S.W.2d at 175. The employee was killed while returning from taking the polygraph exam. *Id.* The Texas Supreme Court concluded that a "special mission" is one in which the employee is directed to travel from one work site to another. *Freeman,* 603 S.W.2d at 192.

State Farm relies upon *Evans,* 790 S.W.2d at 302. In *Evans,* two employees were injured while traveling directly to a

safety meeting from their homes. *Id.* at 303. The meetings were conducted away from the regular work site, and were scheduled every Monday morning. *Id.* In concluding that the workers were not on a "special mission," the Texas Supreme Court held that traveling to the safety meeting was an integral and regular part of their job, such that when they were on their way to the safety meeting this was tantamount to being on their way to work from their homes. *Id.*

We disagree with the Tramels in their reliance upon *Freeman,* and believe *Evans* to be more on point. In *Freeman,* the employee was already at work and was then directed to proceed to another location on company related business. Assuming that Suzanne was directed to go to the bank, and that she was indeed going to the bank before proceeding to the hair salon, she was not already at work when she was directed to go to the bank. Considering the Tramels' summary judgment evidence that it was a regular and customary practice for Suzanne to stop at the bank on Thursdays prior to going to the salon, we find the facts in *Evans* to be more in line with the facts of this case. Consequently, we hold as a matter of law that Suzanne was not on a "special mission," but was instead on her way to work from her home when the accident occurred.

Even were we to find that a material fact issue existed as to whether Suzanne was on a "special mission," we would have to consider the second portion of article 8309, section 1b because the undisputed facts show that Suzanne was en route to her work (a private, personal purpose), whether or not she went to the bank.

■ We agree with State Farm that the uncontroverted summary judgment evidence shows that the accident occurred at a point in the route where Suzanne would have traveled regardless of whether she was going to the salon or the bank. It is also apparent that she would have made the trip along this route, without deviation, even had there been no affairs or business of the employer to carry out. Therefore, even were Suzanne on a "special mission"

at the time of the accident, she has not met the additional requirement set forth under the "dual purpose" portion of the statute. *See Davis v. Argonaut Southwest Ins. Co.,* 464 S.W.2d 102, 104 (Tex.1971); *Janak,* 381 S.W.2d at 180–181.

We hold that the trial court properly granted State Farm's motion for summary judgment and overruled the Tramels' motion for summary judgment insofar as the workers' compensation coverage issues are concerned. Points of error numbers one through five are overruled.

In point of error number six, the Tramels contend that the trial court erred in granting State Farm's motion for summary judgment with respect to their claims for breach of duty of good faith and fair dealing, as well as for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. Both parties agree that the viability of these causes of action is entirely dependent upon the resolution of the underlying coverage issues. Since we have held as a matter of law that Suzanne Tramel's injury is not compensable under the Workers' Compensation laws, these additional causes of action are not viable. Point of error number six is overruled.

The judgment is affirmed.