IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00314-CV

 

Pacific Employers Insurance Company,

                                                                      Appellant

 v.

 

William Ira Mathison,

                                                                      Appellee

 

 

 



From the 87th District Court

Limestone County, Texas

Trial Court No. 26,920-B

 



MEMORANDUM  Opinion



 

This is a worker’s compensation
case.  The jury found that William Ira Mathison (“Mathison”) was in the course
and scope of his employment when he was involved in a motor vehicle accident on
August 23, 2002.  Pacific Employers Insurance Company (“Pacific”) appeals this
finding as legally and factually insufficient.  We will affirm.

BACKGROUND

The Texas Workers’ Compensation
Commission Appeals Panel upheld a Hearing Officer’s determination that Mathison
was not within the course and scope of his employment at the time of the motor
vehicle accident on August 23, 2002.  Mathison filed a lawsuit in district
court seeking judicial review of these determinations.  After a jury trial, the
trial court overruled Pacific’s Motion for Directed Verdict and entered
judgment that Mathison was in the course and scope of his employment at the
time of the accident.

Mathison worked as a welder for BP
America, Inc. (“employer”).  He worked as part of a “self-directing” unit
operating out of Mexia, Texas.  The principal office of his employer is located
in Texas City, Texas and maintains a trucking facility in Bryan, Texas.  Mathison was issued an employer-owned laptop computer to be used for entry of his
time, entry of his expenses, communication with the Texas City office, and
other company related business.  Prior to August 23, 2002, Mathison began to
experience difficulties with his laptop computer.  He arranged to meet the
employer’s computer consultant at the Bryan facility to inspect and attempt to
repair his computer.  Mathison drove his personal vehicle to Bryan on August
23, 2002, and during the afternoon, the consultant informed Mathison that he
would need to carry Mathison’s laptop computer to his Texas City office to
repair it.  Mathison then left to return to Mexia.  Approximately 15 miles from
the Bryan facility, Mathison was in an accident.  He had extensive injuries and
remained off work for almost one year.

STANDARD OF REVIEW

A no-evidence point must and can only be
sustained when the record reveals: (1) a complete absence of evidence of a
vital fact; (2) rules of law or rules of evidence bar the appellate court from
giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla; and
(4) the evidence conclusively establishes the opposite of a vital fact.  Juliette
Fowler Homes, Inc. v. Welch Assocs., Inc., 793 S.W.2d 660, 666 n.9 (Tex. 1990) (citing Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 Tex.
L. Rev. 361, 362‑63 (1960)).  We must credit favorable evidence if
reasonable fact finders could, and disregard contrary evidence unless
reasonable fact finders could not.  City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005).  Generally, if the court of appeals sustains a “no
evidence” point, it is the court's duty to render judgment for appellant.  Vista
Chevrolet, Inc. v. Lewis, 709 S.W.2d 176, 176 (Tex. 1986) (quoting Nat’l
Life Accident Ins. Co. v. Blagg, 438 S.W.2d 905, 909 (Tex. 1969)).

When we review an "insufficient-evidence"
point challenging the factual sufficiency of the evidence to support a finding
that favors the party who had the burden of proof on that finding, we may set
aside the finding only if a review of all the evidence, both for and against
the finding, demonstrates that the finding is clearly wrong and unjust.  Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Checker Bag Co. v. Washington,
27 S.W.3d 625, 633 (Tex. App.CWaco 2000, pet. denied).  We may not pass upon
the witnesses' credibility or substitute our judgment for that of the jury,
even if the evidence would clearly support a different result. Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998); Pool v.
Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).  Reversal could occur
because the finding was based on weak or insufficient evidence or because the
proponent's proof, although adequate if taken alone, is overwhelmed by the
opponent's contrary proof.  Checker Bag, 27 S.W.3d at 633 (citing William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence," 69 Tex.
L. Rev. 515, 519 n.11 (1991)).




COURSE AND SCOPE OF EMPLOYMENT








Texas Labor Code section 401.011(12)
states:

(12) "Course and scope of employment"
means an activity of any kind or character that has to do with and originates
in the work, business, trade, or profession of the employer and that is
performed by an employee while engaged in or about the furtherance of the
affairs or business of the employer. The term includes an activity conducted on
the premises of the employer or at other locations. The term does not include:

 

     (A) transportation to and from the place of
employment unless:

 

       (i)  the transportation
is furnished as a part of the contract of employment or is paid for by the employer;

 

       (ii)  the means of the transportation are
under the control of the employer; or

 

       (iii) the employee is
directed in the employee's employment to proceed from one place to another
place; 

 

           . . .

 

Tex. Labor Code Ann. § 401.011(12) (Vernon Supp. 2004-05).  The
third exception under section 401.011(12) is known as the “special mission”
exception.  See Evans v. Illinois Employers Ins. of Wausau, 790 S.W.2d
302, 304 (Tex. 1990).  The Texas Supreme Court has stated: “We construe this
exception to include those situations in which the employee proceeds from one
place to another under the terms of an employment which expressly or impliedly
requires that he do so to discharge the duties of his employment.”  Jecker
v. Western Alliance Ins. Co., 369 S.W.2d 776, 779 (Tex. 1963), overruled
on other grounds by McKelvy v. Barber, 381 S.W.2d 59 (Tex. 1964).

Mathison’s supervisor testified that
(1) an employee of a self-directed unit is expected to do what is necessary to
get something fixed and to get their job done; (2) a laptop computer is
considered an essential piece of equipment for workers like Mathison; (3) he
would not have wanted Mathison to call him concerning his broken laptop
computer; (4) Mathison did what he expected him to do in taking the computer to
Bryan to get it fixed and considered this in furtherance of the employer’s
business.  We find that Pacific has failed to demonstrate that there is no
evidence or insufficient evidence to support the jury’s finding.  See Juliette Fowler Homes, 793 S.W.2d at 666 n.9; Cain, 709 S.W.2d
at 176; Checker Bag, 27 S.W.3d at 633.  Mathison was impliedly directed by his employer to take his laptop
computer to Bryan to have it fixed, and thus, he was acting in the course and
scope of his employment at the time of the accident on August 23, 2002.  See
Tex. Labor Code Ann. §
401.011(12); Jecker, 369 S.W.2d at 779.

We overrule the issue.

CONCLUSION

We affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Special Note
by Chief Justice Gray)

Affirmed

Opinion delivered and
filed October 19, 2005

[CV06]