# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-06-00529-CV

**American Protection Insurance Company, Appellant**

**v.**

**Liana Leordeanu, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-04-001199, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

We withdraw our prior opinion, dissenting opinion, and judgment in this case and substitute the following in their place.

American Protection Insurance Company appeals a district court judgment awarding workers' compensation benefits to appellee Liana Leordeanu based on a jury's finding that Leordeanu sustained a compensable injury while in the course and scope of her employment with American Protection's insured, Schering Plough, Inc. The issue presented involves the application of section 401.011(12)(B) of the Texas Workers' Compensation Act which is known as the "dual purpose rule." This section governs the compensability of injuries sustained by an employee while traveling for both personal and business purposes. *See* Tex. Lab. Code Ann. § 401.011(12)(B) (West 2006). American Protection argues that there is no evidence to support the jury's finding

that Leordeanu's injury was compensable and that the trial court erred as a matter of law in applying the dual purpose rule of section 401.011(12)(B). We conclude that there is no evidence to support the jury's finding that Leordeanu sustained a compensable injury under the Texas Workers' Compensation Act. Accordingly, we reverse the judgment of the district court and render judgment that Leordeanu take nothing on her claims for workers' compensation benefits.

At the time of her injury, Leordeanu worked for Schering Plough as a pharmaceutical sales representative. Her job duties required that she spend a significant portion of her time traveling to pharmacies and doctors' offices within a designated area. Schering Plough provided Leordeanu with a car and with a storage unit for storing drug samples and marketing materials. Leordeanu's storage unit was located at a storage facility next door to the apartment complex where she lived. In addition, Leordeanu testified that she maintained a business office in her apartment. From time to time as part of her job, Leordeanu would entertain doctors and their staff at local restaurants and pay for their drinks and food.

On March 21, 2003, Leordeanu met with a doctor and members of his staff for dinner at La Feria Restaurant in south Austin. After dinner and on her way home from the restaurant, Leordeanu was involved in a single car accident and sustained serious injury. According to Leordeanu, she had intended to stop at the storage unit next door to her apartment complex on her way home from the restaurant and then to finish job-related paper work at her home office.

American Protection, the workers' compensation carrier for Schering Plough, denied Leordeanu's claim for compensation for the injuries she sustained in the accident. Leordeanu then submitted the dispute to the Texas Department of Insurance Workers' Compensation Commission Division. The Division held a contested case hearing and determined that Leordeanu did not have

2

a compensable claim because she was not in the course and scope of employment at the time of the accident.[1] An appeals panel of the Division affirmed.

Leordeanu sought judicial review of the appeals panel's decision. American Protection filed a motion for summary judgment arguing that the dual purpose rule of the Workers' Compensation Act barred Leordeanu's claim for benefits "because there has been no evidence offered that Ms. Leordeanu would not have gone home (that she would have abandoned the trip home) absent a business reason for going to the [storage unit] . . . ." The district court denied American Protection's motion for summary judgment, and the case was tried to a jury. The jury found that Leordeanu sustained a compensable injury, and the district court entered judgment in favor of Leordeanu.

On appeal, American Protection argues that there is no evidence to support the jury's finding that Leordeanu sustained a compensable injury. In reviewing no evidence points, we consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Orozco v. Sander*, 824 S.W.2d 555, 556 (Tex. 1992). If there is more than a scintilla of evidence to support the finding, the no evidence challenge must fail. *Id.* We will sustain a no evidence point of error when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than

---

[1] The Division also concluded that "the carrier [American Protection] is relieved of liability for compensation because the claimed injury occurred while the claimant [Leordeanu] was in a state of intoxication." However, on judicial review of the Division's decision, a jury found that Leordeanu was not intoxicated at the time of the accident. This finding is not challenged on appeal.

a mere scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998); *Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 666 n.9 (Tex. 1990) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362-63 (1960)).

Under the Texas Workers' Compensation Act, an insurance carrier is liable for compensation for an employee's injury if the injury arises out of and in the course and scope of employment. Tex. Lab. Code. Ann. § 406.031 (West 2006). Generally, an employee is not in the course and scope of his employment while driving his own vehicle to and from his place of work. *Soto v. Seven Seventeen HBE Corp.*, 52 S.W.3d 201, 205 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Upton v. Gensco, Inc.*, 962 S.W.2d 620, 621 (Tex. App.—Fort Worth 1997, pet. denied). The reasoning underlying this general rule is that injury incurred in such travel does not arise out of that person's employment, but rather is suffered due to the dangers and risks to which all traveling persons are exposed. *Evans v. Illinois Employers Ins.*, 790 S.W.2d 302, 304 (Tex. 1990). Stated another way, the general rule is that travel to and from work, without some special instruction or "special mission" from the employer directing the employee to proceed from one place to another, is considered travel for personal purposes rather than travel for business purposes. *See id.* Thus, under the Workers' Compensation Act, travel for exclusively business purposes is considered within the course and scope of employment, and travel for exclusively personal purposes is not within the course and scope of employment. *See* Tex. Lab. Code Ann. § 401.011(12).

A different situation is presented when an employee is engaged in travel that has both personal and business-related purposes. The dual purpose rule is designed to address whether an employee is in the course and scope of employment for the purpose of coverage when injury

4

occurs during travel that is for both personal and business purposes. *See* Tex. Lab. Code Ann. § 401.011(12)(B). The rule provides that injuries incurred during travel for the dual purpose of furthering the affairs or business of the employer and of furthering the employee's personal or private affairs shall not be deemed in the course of employment unless (1) the travel to the place of occurrence of the injury would have been made even had there been no personal or private affairs of the employee to be furthered by the travel; and (2) the travel would not have been made had there been no affairs or business of the employer to be furthered by the travel. *Id.*; *Janak v. Texas Employers' Ins. Ass'n*, 381 S.W.2d 176, 179 (Tex. 1964). In order to be entitled to workers' compensation benefits in dual purpose situations, the employee or his survivors must satisfy both prongs of section 401.011(12)(B). *Janak*, 381 S.W.2d at 180; *Tramel v. State Farm Fire & Cas. Co.*, 830 S.W.2d 754, 756 (Tex. App.—Fort Worth 1992, writ denied). This means that the travel would have occurred even if the personal purpose were removed from the analysis *and* the travel would not have occurred if the business purpose of the travel were removed from the analysis. *See* Tex. Lab. Code Ann. § 401.011(12)(B).[2]

It is undisputed that Leordeanu was injured while traveling from the business-related dinner meeting to her apartment and the storage unit next door to her apartment. Leordeanu testified that upon leaving the restaurant on the night of the accident, she intended to travel first to the storage

---

[2] The dissent argues that because Leordeanu's employer furnished her car and she was driving her car, at least in part for business purposes, her injury is compensable. This, of course, is not the way the statutory structure works. The fact that Leordeanu was driving an employer-furnished car simply nullifies an exception to compensability that might otherwise apply. *See* Tex. Lab. Code Ann. § 401.011(12)(A) (West 2006). Nullifying an exception to compensability does not establish compensability. Leordeanu must still prove that her travel at the time of the injury was in the course and scope of employment. In the case of dual purpose travel, that means satisfying both prongs of section 401.011(12)(B).

5

unit next door to her apartment and then to her apartment to finish certain job-related paper work. These tasks furthered the business affairs of Leordeanu's employer, Schering Plough, and were, therefore, business purposes for the travel.

Leordeanu also testified that when she left La Feria Restaurant on the night of the accident, she was "planning on going first to the storage unit and then to the office, to my home." She gave the following testimony during cross-examination:

[Counsel]:        Now, I understand that you left the restaurant and you drove from La Feria on Loop 360; is that correct?

[Leordeanu]:      Uh-huh.

. . .

[Counsel]:        And then you would turn west on Highway 22; is that correct?

[Leordeanu]:      Yes, sir.

[Counsel]:        And you would do those things to go to your home; is that correct?

[Leordeanu]:      I would do those things to go in the direction of first the storage unit, as well as the direction of home as well as the office, yes.

[Counsel]:        And I understand your testimony is that you were going to the storage locker.

[Leordeanu]:      That's right.

[Counsel]:        And I'm asking you about if you were leaving La Feria and going home and not going to the storage locker, that's the same route you would take, correct?

[Leordeanu]:      That's right.

6

| [Counsel]: | So the routes are identical at that point in time in the travel, leaving the restaurant and going to either the storage unit or your apartment? |
|---|---|
| [Leordeanu]: | That's right. |
| [Counsel]: | Now, did you intend to spend the night at home that night? |
| [Leordeanu]: | Yes. |
| [Counsel]: | So you were also going home as well as going to the storage locker? |
| [Leordeanu]: | Yes. |

Leordeanu added that she intended to stay at her apartment after finishing her work there. Thus, she was also traveling home from the restaurant—a personal purpose for the same travel. *See Evans*, 790 S.W.2d at 305 (stating employee's trip from work to home was "purely personal"); *Tramel*, 830 S.W.2d at 757 (noting that employee's trip from home to work serves "private, personal purpose"). Leordeanu's travel from the restaurant that night was, therefore, for both business and personal purposes, and the question of whether she was acting in the course and scope of employment is governed by the dual purpose rule of section 401.011(12)(B).

Under the dual purpose rule of section 401.011(12)(B), it is not enough that Leordeanu intended to finish certain job-related paper work upon returning to her apartment for her injury to be compensable. Rather, under the rule, Leordeanu was required to show that she would not have made the travel that resulted in her injuries had there been no business of her employer to be furthered by the travel. In other words, Leordeanu had to show that she would not have returned home after dinner on the night of the accident, but for the need to complete business-related paperwork. However, there is no evidence in the record to that effect.

7

Leordeanu urges this Court to view her intended travel on the night of the accident as two separate, single purpose segments of travel—from the restaurant to the storage unit and from the storage unit to her apartment—and to analyze each segment of her travel separately. She argues that the first phase of her intended travel, from the restaurant to the storage unit, was not dual purpose travel because she had no personal reason for going to the storage unit. She contends that the dual purpose aspect of the trip did not occur until the second phase of her intended travel, from the storage unit to her apartment, because she had both a business reason (finishing her paper work) and a personal reason (going home) for traveling from the storage unit to her apartment. Thus, according to Leordeanu, because the accident occurred during the first phase of her travel and because that phase of the travel was not a dual purpose trip, she was in the course and scope of employment at the time of the accident.

The San Antonio Court of Appeals adopted a similar approach to dual purpose travel in *St. Paul Fire & Marine Insurance Co. v. Confer*, 956 S.W.2d 825 (Tex. App.—San Antonio 1997, pet. denied). In that case, Dr. Ronald Confer was killed in an automobile accident while traveling home from work. He had left work early so that he could also run a business errand to purchase computer supplies for use at his office. *See id.* at 827. The route to the computer supply store was along Dr. Confer's normal route home, and Dr. Confer intended to continue home after running the business errand. *See id.* However, Dr. Confer was killed before he reached the computer supply store.[3] *See id.* Dr. Confer's widow sued for death benefits under the Workers' Compensation Act,

_____

[3] Interestingly, the *Confer* court expressly found that Dr. Confer's travel at the place of occurrence of the injury was dual purpose travel and section 401.011(12)(B) was applicable. *See* 956 S.W.2d at 829.

8

and a jury found that Dr. Confer was in the course and scope of his employment at the time he was killed. *See id.* The issue on appeal was whether the evidence adduced at trial satisfied both prongs of the dual purpose rule of the Workers' Compensation Act. *See id.* at 828. The court addressed several cases concerning injuries sustained by employees while traveling *from home* on a business errand. *See Evans*, 790 S.W.2d at 305 (holding employee's death not compensable where employee was on way from home to pre-work safety meeting); *Meyer v. Western Fire Ins. Co.*, 425 S.W.2d 628, 629 (Tex. 1968) (holding injury compensable where employee was involved in accident on way to work after having taken work-related telephone calls from home); *Janak*, 381 S.W.2d at 182 (holding injury compensable where accident occurred on way to work *after* employee had deviated from his normal route in order to pick up ice for use during work). It then distinguished the facts presented in Dr. Confer's case as follows:

> the controlling issue in cases such as this is during what segment of a trip did the injury occur; the segments being home to business errand and business errand to work. These segments are reversed in the present case. In other words, Dr. Confer's fatal trip consisted of segments including work to business errand and business errand to home. Applying the logic of the cases discussed above, an injury occurring between work and the business errand would be compensable because the employee has not completed work, while an injury occurring between the business errand and home would not be compensable because the employee's work would be finished.

*Id.* at 830.

We are of the view that the approach taken in *Confer*—separating dual purpose travel into "business related" and "personal related" segments—departs from the mandatory requirements of the dual purpose rule as set out in the Workers' Compensation Act. Section 401.011(12)(B), when it applies, does not contemplate analyzing a claimant's dual purpose travel and determining

9

whether particular segments or portions of that travel are for a single, business-related purpose. If travel is exclusively for a business-related purpose, section 401.011(12)(B) does not apply at all. Section 401.011(12)(B) only applies whenever the travel is for *both* business and personal purposes (dual purpose) and the travel cannot be ascribed a single purpose.

When travel is dual purpose, the dual purpose rule requires the court to determine the answers to two questions: (1) would the travel during which the claimant was injured have occurred even if there were no personal purpose; and (2) would the travel not have occurred if there were no business purpose.[4] If the answer to either of these questions is "no," then the employee is not deemed to be in the course and scope of employment. If the answers to both questions are "yes," the employee is deemed to be in the course and scope of employment and the injury is potentially

---

[4] Part of the difficulty with this statute is that the provisions of section 401.011(12)(B)(i) and (ii) are exceptions to the general rule of section 401.011(12)(B) which is itself an exception to the general definition of "course and scope of employment." This difficulty is compounded by the fact that the requirements of section 401.011(12)(B)(i) and (ii) are conjunctive, but section 401.011(12)(B)(ii) is drafted in the form of a double negative—"the travel would *not* have been made had there been *no* affairs or business of the employer to be furthered by the travel." Thus, to address an issue such as the one presented by this case, the courts and lay juries are faced with a rule that (translated) looks something like this:

> An employee is in the course and scope of employment when engaging in any activity of any kind that has to do with the business of the employer while the employee is engaged in the furtherance of the affairs of the employer *except* when the employee is traveling for both business and personal purposes *unless* the travel would have been made even if there were no personal purpose involved *and* the travel would *not* have been made had there been *no* business purpose involved.

Although semantically challenging, the rule can be deciphered and appears to work when applied correctly. However, the way it works is not readily apparent. Expecting juries to consistently and knowledgeably apply a charge instruction based on the structure of this statute is problematic.

10

compensable. The statute does not allow a court to approach the analysis of compensability of dual purpose travel in any other way.

The dual purpose rule, applied correctly, can be an effective mechanism for ferreting out whether dual purpose travel is primarily business travel or primarily personal travel, and the pertinent questions can be posed and answered for any point in a claimant's travel. The dual purpose rule as it is currently formulated in the Workers' Compensation Act does not, however, allow for assigning single purpose segments or phases to dual purpose travel. Evidence as to whether a person is on the "business-related segment" of dual purpose travel when an accident occurs is not relevant to the analysis because it does not answer either question set out in section 401.011(12)(B), the key inquiries of the dual purpose rule. Rather, the evidence must support answers to the questions in section 401.011(12)(B)(i) and (ii), regardless of whether the business purpose for the travel had been completed at the time of the accident.

The *Confer* court articulated its reasoning as follows:

> The evidence supports a finding that Dr. Confer would not have been on Interstate 35 at 4:20 p.m. if he had not been going to Altex [a business errand for his employer]. The fact that Altex happens to be along the same route as his route home should be of little consequence. Why should the result be any different if Altex had been located somewhere off of Interstate 35, forcing Dr. Confer to travel away from his regular route? The controlling issue should be whether the employee is traveling on behalf of his employer *at the time* of the accident, not on what road he happens to be traveling.

956 S.W.2d at 830 (emphasis in original). This approach basically concludes that, since the portion of Dr. Confer's travel from the office to Altex (the stop on the business errand) had a business-related component, such travel would be in the course and scope of employment even though it

was also personal travel to the doctor's home. The portion of the travel from Altex to Dr. Confer's home then lacks any business-related component and is, therefore, not in the course and scope of employment, even though the personal travel home would necessarily include both portions of the trip if Dr. Confer were not stopping at Altex.

The *Confer* approach adopts a policy position to the effect that if a claimant is traveling for a business purpose *at all*, even if there is also a personal purpose, then the travel is in the course and scope of employment and any injury incurred during the travel compensable. This might arguably be a reasonable policy position. It would allow injuries to be compensable any time there is a business-related component to travel no matter how incidental. However, this is not the policy position that the Legislature has taken in section 401.011(12). The statute mandates that if the travel has dual purposes—both business and personal—it is only within the course and scope of employment and, therefore, compensable, if it meets the requirements of section 401.011(12)(B).

If the *Confer* approach were correct, section 401.011(12)(B) would not exist. The statute would simply provide that if travel had any business purpose at all, it is in the course and scope of employment. There would not be a dual purpose rule because there would be no special treatment of dual purpose travel. Dual purpose travel would, by definition, have a business purpose component and, therefore, would always be travel in the course and scope of employment. Thus, if we are to grant section 401.011(12)(B) any meaning at all, we cannot take the approach proposed in the *Confer* opinion.

The answer to the *Confer* court's rhetorical question "Why should the result be any different if Altex had been located somewhere off of Interstate 35, forcing Dr. Confer to travel away from his regular route?" is twofold: first, the statute expressly declines to adopt the policy of

12

allowing coverage whenever there is any business-related component to travel, and it mandates a different result for dual purpose travel based on specific statutory criteria; second, the statutory scheme has a rational basis in that a policymaker could well come to the conclusion that dual purpose travel should not be compensable unless it is predominately for a business-related purpose rather than predominately for a personal purpose with an incidental business-related component. Section 401.011(12)(B) appears to be an attempt to create a statutory system for distinguishing between predominately business-related travel and predominately personal travel. Consequently, in Dr. Confer's case, the result would be different if Altex were not located on Interstate 35 because Dr. Confer's travel to Altex would then not have happened at all but for the business purpose. Since, instead, Dr. Confer was on his route home when the accident happened, it was travel that he would have made in any event and the business purpose of stopping at Altex was incidental. Under the language of section 401.011(12)(B), this travel was not in the course and scope of Dr. Confer's employment. The notion that the timing of the travel is significant—i.e. leaving early from work in order to make the business stop and get home at the usual time—appears nowhere in the statute.

In applying the dual purpose rule, we ask the statutory questions about the travel at the point that the claimant is injured.[5] In this case, we know that Leordeanu was traveling to both her home and the storage unit at the point at which she was injured. The route of travel to both destinations was identical. Thus, her travel at that point was dual purpose and the provisions of section 401.011(12)(B) apply. We then ask the statutory questions. First, would her travel have been made even had there been no personal or private affairs to be furthered by the travel? In this

---

[5] Section 401.011(12)(B)(i) of the Texas Labor Code refers to the "travel to the place of the occurrence of the injury."

13

case, Leordeanu concedes she was going home for the evening from the restaurant, but was going to drop off some items at the storage unit on the way. There is nothing in the evidence to suggest that Leordeanu would have traveled to the storage unit even if she were not going home. Thus, on this record, the answer to the first question, rather than being a conclusive "yes," is, at best, equivocal.[6] Second, would the travel not have been made had there been no affairs or business of the employer to be furthered by the travel? Once again, Leordeanu concedes that she was going home for the evening from the restaurant. There is no evidence that Leordeanu would not have made this travel if she did not intend to drop off items at the storage unit.[7] On the contrary, Leordeanu concedes that she was going home whether or not she dropped items off at the storage unit. Therefore, on this record, the answer to the second question is "no," and it precludes a finding that Leordeanu was in the course and scope of her employment at the time of her injury.[8]

---

[6] Since there is insufficient information in the record to answer the question posed by the first prong of section 401.011(12)(B) "yes," one could argue that Leordeanu has failed to satisfy either prong of the statute. However, the case was briefed and argued as a failure by Leordeanu to satisfy the second prong of section 401.011(12)(B), and even if we assume the answer to the first prong of section 401.011(12)(B) is "yes," the lack of evidence as to the second prong of the statute is dispositive.

[7] Here the problem of the double negative in the statute comes up again. Dealing with a question that involves a double negative and to which the answer is "no" can create confusion. Here the question can be rephrased: "If Leordeanu had not planned to drop by the storage unit, would she have cancelled (or not made) the travel?" The answer to this question is more easily seen to be "no" because she concedes that she was going to go home in any event and the route of travel to both the storage unit and her apartment at the time of the injury was the same.

[8] The dissent argues that this case is not governed by the dual purpose rule, but by the "continuous coverage" principle applied by the court in *Aetna Casualty & Surety Co. v. Orgon*, 721 S.W.2d 572 (Tex. App.—Austin 1986, writ ref'd n.r.e.). The continuous coverage principle has been applied when the injury occurs while an employee is traveling away from his or her home town for business purposes, but is not at the moment of an accident directly engaged in business activity. The rationale behind the principle is that while there may not be a specific business purpose in getting dressed in the morning in your hotel or walking across the street to eat at a nearby restaurant

14

We conclude that there is no evidence in the record to satisfy the second prong of the dual purpose rule which requires that the travel would not have occurred if the business purpose of the travel were removed from the equation. There is no evidence that Leordeanu would have

---

while staying overnight in another city, the employee would not be doing those activities at all but for the business purpose of the trip. In such a circumstance, the employee is not engaged in dual purpose travel, and therefore, the dual purpose rule does not apply. However, if an employee is traveling and there is a personal purpose or component of the travel at the time of the injury, the requirements of the dual purpose rule must be followed. For example, if an employee on a business trip away from home visits relatives who live nearby during the course of his travel for business purposes and is injured, such a case may implicate the dual purpose rule.

This case is not akin to *Orgon* or other cases that have applied the continuous coverage principle such as *Shelton v. Standard Insurance Co.*, 389 S.W.2d 290 (Tex. 1965), and *Texas Employers Insurance Ass'n. v. Cobb*, 118 S.W.2d 375 (Tex. Civ. App.—El Paso 1938, writ ref'd). In *Orgon* and related cases, there was not an issue as to the applicability of the dual purpose rule because the courts found as a matter of law that the travel or activity involved did not include any personal purpose. When there is no personal purpose component of travel, injuries that arise during the course of the travel are usually compensable if the travel is in furtherance of the affairs or business of the employer. However, when there is a personal purpose component of travel, even if there is also a business component, the dual purpose rule comes into play. That is the case here. Leordeanu acknowledges that she was traveling home for the evening as well as planning to stop by the storage unit. This was dual purpose travel.

Leordeanu and the dissent raise the issue of the possible applicability of the principle in *Orgon* and related cases for the first time on rehearing in this Court. Leordeanu's theory—both in the trial court and in this Court on original submission—was not that the continuous coverage principle somehow applied to the travel at issue here, but that dual purpose travel may be divided into single purpose segments, making an injury compensable based on the segment of the travel in which it occurred. As we have explained, this theory is inconsistent with labor code section 401.011.

The dissent's failure to distinguish between the principle articulated in *Orgon* and the dual purpose rule is highlighted by noting that, under the dissent's theory, when an employee has a home office and travels locally in her work, a "continuous coverage" doctrine would necessarily trump both the "coming and going" rule and the dual purpose rule in all such cases. This is not the law. The "coming and going" rule, the continuous coverage principle set out in *Orgon*, and the dual purpose rule work in harmony and apply to different factual circumstances. The principle articulated in *Orgon* does not apply when, as here, the employee is traveling for both business and personal purposes. Such travel is governed by the dual purpose rule. *See Rose v. Odiorne*, 795 S.W.2d 210, 213-14 (Tex. App.—Austin 1990, writ denied).

15

been traveling on some other route to her home when she was injured had she not intended to stop by the storage unit next door to her apartment. The evidence is conclusive that Leordeanu's travel from the restaurant to her home at the point where she was injured would have been identical whether she had intended to stop by the storage unit or not. There is no evidence that she would not have made the travel that resulted in her injuries had there been no business of her employer to be furthered by the travel.

The dual purpose rule of the Workers' Compensation Act bars Leordeanu's claim for workers' compensation benefits. Therefore, we conclude that there is no evidence to support the jury's finding that Leordeanu sustained a compensable injury. Accordingly, we reverse the judgment of the district court and render judgment that Leordeanu take nothing on her claims for workers' compensation benefits.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;
    Dissenting Opinion by Justice Patterson

Reversed and Rendered on Motion for Rehearing

Filed: February 13, 2009