

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-12-00863-CV

**SEABRIGHT INSURANCE COMPANY**,
Appellant

v.

Maximina **LOPEZ**, Beneficiary of Candelario Lopez, Deceased,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC 08-484
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  January 29, 2014

AFFIRMED

        This is an appeal from a trial court's order granting summary judgment in favor of appellee

Maximina Lopez, Beneficiary of Candelario Lopez, deceased ("Mrs. Lopez"), and denying

summary judgment in favor of appellant Seabright Insurance Company.  On appeal, Seabright

challenges the denial of its motion for summary judgment and granting of summary judgment in

favor of Mrs. Lopez.  We affirm the trial court's judgment.

## BACKGROUND

Candelario Lopez ("Lopez") was fatally injured in a motor vehicle accident while traveling from his motel room in Marlin, Texas, to his jobsite in Ridge, Texas. Lopez's widow sought workers' compensation benefits, which Seabright denied, contending Lopez was not in the course and scope of his employment at the time of the accident. Mrs. Lopez then filed a claim with the Texas Department of Insurance, Division of Workers' Compensation ("DWC") to recover compensation benefits for her husband's death. After a contested case hearing, a hearing officer with the DWC determined Lopez was in the course and scope of his employment at the time of the accident. Seabright appealed, but the Appeals Panel affirmed the hearing officer's decision. Seabright challenged the administrative decision by filing a petition for judicial review in the trial court.

In the trial court, Seabright and Lopez filed competing traditional motions for summary judgment on the issue of whether Lopez was in the course and scope of his employment at the time of the accident. The summary judgment evidence presented to the trial court is largely uncontested.

At the time of the accident, Lopez worked for Interstate Treating, Inc. on a fabrication and construction project in Ridge, Texas. Because the jobsite was roughly 450 miles from his home in Rio Grande City, Texas, Lopez resided in a motel in Marlin, Texas, about forty miles away from the Ridge jobsite. Lopez commuted to work in a company truck, which was paid for and maintained by Interstate.

In addition to providing the truck used by Lopez, Interstate provided Lopez with a per diem, in addition to his salary, to cover the cost of room and board while he was away from home. Admittedly, Lopez was not paid for travel time to or from the Ridge job site.

On the morning of the accident, Lopez was driving himself and two co-workers from Marlin to the Ridge jobsite. Although there was no express policy regarding such "carpooling," the use of company vehicles to transport multiple employees to and from jobsites like the one in Ridge was a common occurrence for Interstate.

Based on the above facts, the trial court concluded, as had the DWC, that Lopez was in the course and scope of his employment at the time of the accident. The trial court granted Mrs. Lopez's summary judgment motion, denied Seabright's motion, and rendered judgment in favor of Mrs. Lopez. Seabright subsequently perfected this appeal.

## ANALYSIS

On appeal, Seabright contends the trial court erred in granting Mrs. Lopez's motion for summary judgment, and in denying its summary judgment motion. We disagree.

### *Standard of Review*

This court reviews a trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The well-established standards for reviewing a motion for summary judgment, as mandated by the Texas Supreme Court, are: (1) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, as it has here, this court considers the summary judgment evidence presented by both sides, determines all questions presented, and if the court determines the trial

court erred, we render the judgment the trial court should have rendered. *See Dorsett*, 164 S.W.3d at 661.

### Course and Scope of Employment

The Workers Compensation Act compensates employees who sustain a "compensable injury," which means "an injury that arises out of and in the *course and scope of employment* for which compensation is payable under [subtitle A of the Workers' Compensation Act]." TEX. LABOR CODE ANN. § 401.011(10) (West 2006) (emphasis added). For an employee's injury to be considered in the course and scope of employment, it must (1) relate to or originate in the employer's business, and (2) occur in the furtherance of the employer's business. *Am. Home Assurance Co. v. De Los Santos*, No. 04-10-00852-CV, 2012 WL 4096258, at *2 (Tex. App.—San Antonio Sept. 19, 2012, pet. denied) (mem. op.) (citing *Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 241–44 (Tex. 2010)); *see* TEX. LABOR CODE ANN. § 401.011(12). These elements are applied liberally as "[w]e liberally construe the provisions of the Workers' Compensation Act to carry out the Legislature's evident purpose of compensating injured workers and their dependents." *Texas Workers' Comp. Comm'n v. Patient Advocates of Texas*, 136 S.W.3d 643, 652 (Tex. 2004). An injured employee must establish both elements to satisfy the course and scope requirement. *De Los Santos*, 2012 WL 4096258, at *2.

Here, it is undisputed Lopez was traveling from his motel in Marlin to work at the time of the accident, therefore implicating what is known as the "coming and going rule," which excludes travel between work and home from the course and scope of employment. *See* TEX. LABOR CODE ANN. § 401.011(12)(A); *Leordeanu*, 330 S.W.3d at 242. It is also undisputed that Lopez was traveling in a vehicle provided and paid for by Interstate. This travel arrangement between Interstate and Lopez falls squarely within the statutory exception to the coming and going rule where "the transportation is furnished as a part of the contract of employment *or is paid for by the*

*employer*." *See id.* § 401.011(12)(A)(i) (emphasis added). The effect of satisfying this statutory exception is not to establish that the travel is within the course and scope of employment, but rather to establish that such travel is not summarily excluded from being within the course and scope of the employment solely by virtue of the fact that the employee was traveling to and from work. *De Los Santos*, 2012 WL 4096258, at *3. Essentially, even though Lopez was traveling to work at the time of the accident, because Interstate paid for the vehicle he drove, Mrs. Lopez may still attempt to establish that her husband's injury satisfies both elements of the course and scope requirement. *See id.* at *2.

The Texas Supreme Court has recognized that "[a]n employee's travel to and from work makes employment possible and thus furthers the employer's business." *Leordeanu*, 330 S.W.3d at 242. Therefore, Lopez's travel from his motel in Marlin to work on the day of the accident satisfies the second element of the course and scope of employment requirement. *De Los Santos*, 2012 WL 4096258, at *2. However, travel to and from work does not *ordinarily* satisfy the first element of originating in or relating to the business of the employer as "[t]he risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers." *Leordeanu*, 330 S.W.3d at 242 (quoting *Evans v. Ill. Emp'rs Ins. Of Wausau*, 790 S.W.2d 302, 305 (Tex. 1990)). Accordingly, the primary issue for our review of the cross-motions for summary judgment is determining whether a genuine issue of material fact exists that Lopez's travel originated in Interstate's business.

We recognize there is no bright line rule for determining if employee travel originates in the employer's business as each situation is dependent on the facts. *De Los Santos*, 2012 WL 4096258, at *4. No single fact is dispositive; rather, we consider the nature of the employee's job, the circumstances of the travel, and any other relevant facts. *Id.* In sum, we must "determine whether the relationship between the travel and the employment is so close that it can fairly be

said that the injury had to do with and originated in the work, business, trade or profession of the employer." *Leordeanu*, 330 S.W.3d at 242 (quoting *Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 292 (Tex. 1965)).

### *Mrs. Lopez's Motion for Summary Judgment*

We begin by addressing whether the trial court erred in granting Mrs. Lopez's motion for summary judgment. Mrs. Lopez presented the following evidence to the trial court to support the contention that her husband's travel related to or originated in Interstate's business such that it is considered in the course and scope of his employment under the Texas Workers' Compensation Act: (1) at the time of the accident, Lopez was traveling in a vehicle that Interstate provided and paid for; (2) Lopez was required to live in a motel during his employment, for which he was provided a per diem in addition to his salary; and (3) Lopez had subordinate workers in the company vehicle with him during the commute. Mrs. Lopez contends these facts establish her husband's travel on the day of his accident originated in his employer's business as a matter of law.

### 1. Transportation Provided by Interstate

It is undisputed Lopez was traveling in a vehicle provided and paid for by Interstate at the time of his accident. However, the parties do not agree as to the significance of this fact regarding whether Lopez's travel originated in his work for Interstate. Specifically, Seabright argues that "[t]he use of a company vehicle originates in the business of the employer *only* if the employee is required as a condition of employment to use the vehicle." (emphasis added). As explained in *De Los Santos* and the Third Court's decision in *Zurich Am. Ins. Co. v. McVey*, Seabright's contention is misplaced. *See* 339 S.W.3d 724, 730 (Tex. App.—Austin 2011, pet. denied).

An employer's provision of transportation is evidence that an employee's trip originated in his employer's business; however, it is insufficient *in itself* to establish origination. *See De Los*

*Santos*, 2012 WL 4096258, at \*3–4; *McVey* 339 S.W.3d at 730. This is because only employer-provided transportation that amounts to a necessity[1] from the employer's perspective, and not just a gratuitous accommodation to the employee, is sufficient, without more, to prove that as a matter of law travel originated in the employer's business. *De Los Santos*, 2012 WL 4096258, at \*3–4; *McVey* 339 S.W.3d at 730; *see also Am. Gen. Ins. Co. v. Coleman*, 303 S.W.2d 370, 376 (Tex. 1957) (announcing proposition "that the mere gratuitous furnishing of transportation by the employer to the employee as an accommodation, and not as an integral part of the contract of employment, does not bring the employee, when injured in the course of traveling on the streets and highways, within the protection of the Workmen's Compensation Act."). In sum, although gratuitously furnished transportation is not *per se* evidence of origination, it is still a summary judgment fact we consider in determining the nexus between the employee's travel and work. *See Leordeanu*, 330 S.W.3d at 242.

According to the deposition testimony of Ronald Rains, owner of Interstate, the employer furnished Lopez with a company truck because "[h]e asked if he could drive it to and from [work and the motel], and he was granted permission." Viewing the evidence in the light most favorable to Seabright, as we must, the company truck was furnished to Lopez gratuitously. Mrs. Lopez does not point to any evidence in the record to suggest otherwise. Therefore, the fact Interstate furnished Lopez with a company truck to travel to work must be supported with other evidence to entitle summary judgment as the provided means of transportation is not in itself dispositive of origination in this case.

---

[1] The idea of "necessity" for furnishing the transportation originates in *Coleman*'s language of "an integral part of the contract of employment." 303 S.W.2d at 376. "Necessity" has been interpreted to equate to where an employer must furnish transportation in order to secure labor. *See Rose v. Odiorne*, 795 S.W.2d 210, 214 (Tex. App.—Austin 1990, writ denied).

## *2. Work Away From Home*

Mrs. Lopez contends the circumstances surrounding her husband's work away from home is evidence, when coupled with the other summary judgment evidence she produced, to establish Lopez was in the course and scope of his employment at the time of the accident. It is undisputed: (1) Lopez resided with his wife in Rio Grande City, Texas; (2) Interstate's jobsite was located roughly 450 miles away in Ridge, Texas; (3) Interstate paid Lopez a per diem while he was working at the Ridge jobsite that was not paid to its workers at its home office in Odessa, Texas; and (4) Lopez used his per diem to stay at a motel about forty miles away in Marlin, Texas. We hold that this evidence, when considered with the evidence that Interstate provided transportation to Lopez, entitles Mrs. Lopez to judgment as a matter of law.

The evidence of Lopez's working conditions clearly suggest his presence in the area of the accident, and the accident itself, originated in his work for Interstate.[2] Specifically, the nature of the remote job site conditions and the provision of a per diem for food and lodging illustrate Interstate clearly knew the only reason employees like Lopez would be present in the area of Ridge was their job. Further, employees like Lopez, in the words of site superintendent Knight, could "stay where they wish." As such, a commute to the jobsite is not only expected, but in reality, required.

Here, the accident occurred: (1) during Lopez's commute from his de facto employer-provided housing to his employer's premises, (2) in an employer provided vehicle, and (3) in an

---

[2] Mrs. Lopez contends these facts entitle her husband to the protections of the "continuous coverage" rule. In Texas, the "continuous coverage" rule regards an employee whose work entails travel away from the employer's premises as being continuously within the course of their employment during the trip, except when a distinct departure on a personal errand is shown. *Shelton*, 389 S.W.2d at 293; *Aetna Cas. & Sur. Co. v. Orgon*, 721 S.W.2d 572, 575 (Tex. App.—Austin 1986, writ ref'd n.r.e); *see also McVey*, 339 S.W.3d at 731–32. However, as Seabright correctly argues, the "continuous coverage" rule does not apply here because the rule protects "employees whose work entails travel away from *the employer's premises*," not the employee's home. *Shelton*, 389 S.W.2d at 293 (emphasis added). Lopez's tenure in Marlin may have been a trip away from home, but it was also travel *to* the employer's premises as opposed to travel *away* from such premises.

area of Texas where Lopez would not have otherwise been but for his employment with Interstate. These circumstances present a strong nexus between Lopez's employment and travel on the day of the accident. Seabright does not point to any evidence in the record to the contrary, and we have found none. As such, we hold the evidence presented by Mrs. Lopez showing the relationship between her husband's travel and employment for Interstate is so close it can fairly be said the injury had to do with and originated in the work, business, trade or profession of Interstate. *See Leordeanu*, 330 S.W.3d at 242; TEX. LABOR CODE ANN. § 401.011(12). Accordingly, Lopez's injury occurred in the course and scope of his employment as a matter of law because it both originated in and furthered his employer's business. TEX. LABOR CODE ANN. § 401.011(12).

Based on the foregoing, we need not address Mrs. Lopez's argument that evidence of "carpooling" established origination for the purposes of course and scope of employment.

### *Seabright's Response and Motion for Summary Judgment*

By holding Mrs. Lopez established her right to summary judgment as a matter of law, we have, *per force*, determined the trial court did not err in denying Seabright's motion and that Seabright did not, in response to Mrs. Lopez's motion, produce evidence raising a genuine issue of material fact. To be entitled to summary judgment, Seabright had the burden to prove Lopez was acting outside the course and scope of employment at the time of his accident. Seabright failed to meet its burden. Moreover, Seabright failed to present more than a scintilla of evidence to negate Mrs. Lopez's right to summary judgment.

Instead of presenting distinct summary judgment evidence to entitle it to judgment as a matter of law or to raise a fact issue, Seabright merely contested the legal significance of the generally uncontested summary judgment evidence in light of existing law. Based on our interpretation of the law as set out above, Seabright was not entitled to judgment as a matter of

law, and did not produce evidence to raise a fact issue relative to Mrs. Lopez's motion. Therefore, we hold the trial court did not err in denying Seabright's motion for summary judgment.

## CONCLUSION

Based on the foregoing, we hold Mrs. Lopez established as a matter of law that Lopez's travel in this case: (1) related to or originated in Interstate's business, and (2) occurred in the furtherance of Interstate's business. *See* TEX. LABOR CODE ANN. § 401.011(12). Thus, Mrs. Lopez proved, as a matter of law, her husband was in the course and scope of his employment at the time of the accident. We therefore hold the trial court properly granted summary judgment for Mrs. Lopez and denied the summary judgment sought by Seabright. We overrule Seabright's contentions and affirm the trial court's judgment.


Marialyn Barnard, Justice