ACCEPTED
04-14-00685-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/6/2015 6:04:10 PM
KEITH HOTTLE
CLERK

DOCKET NO. 04-14-00685-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/6/2015 6:04:10 PM
KEITH E. HOTTLE
Clerk

_____

AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA,
Appellant,

v.

DENISE BUSHMAN,
AS BENEFICIARY OF CLAYTON F. BUSHMAN, JR., DECEASED
Appellee.

---

On Appeal from
The 25th Judicial District Court of
Guadalupe County, Texas
Cause No. 12-0823-CV

---

## APPELLANT'S  REPLY BRIEF

---

David Brenner
State Bar No. 2958020
Elizabeth Brenner
State Bar No. 24040570
BURNS ANDERSON JURY & BRENNER,
L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)
Attorneys for American Casualty Company of
Reading Pennsylvania

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ................................................................................................iii

ARGUMENTS AND AUTHORITIES .............................................................................2

    Continuous Coverage Is Inapplicable...........................................................................2

    Mr. Bushman was not on a Special Mission ................................................................4

    The fact that Mr. Bushman traveled further from his home to this job
    site than otherwise, does not change this analysis.......................................................6

PRAYER.............................................................................................................................8

CERTIFICATE OF SERVICE...........................................................................................9

CERTIFICATE OF COMPLIANCE ................................................................................10

# INDEX OF AUTHORITIES

**Page**

**Cases**

*Aetna Cas. & Sur. Co. v. Orgon*,
  721 S.W.2d 572 (Tex. App.—Austin 1986, writ ref'd n.r.e.*)* ...............................3

*Am. Home Assurance Co. v. De Los Santos*,
  2012 WL 4096258, (Tex. App.—San Antonio Sept. 19, 2012, pet. denied).........3

*Collins v. Indem. Ins. Co. of North America*,
  2011 WL1631590 (Tex. App.—San Antonio 2011, pet denied) ...........................8

*Evans v. Illinois Employers Ins. Of Wausau*,
  790 S.W.2d 302 (Tex. 1990) ...........................................................................4, 5

*Jecker v. Western Alliance Ins. Co.*,
  369 S.W.2d 776 (Tex. 1963) ................................................................................7

*Seabright Ins. Co. v. Lopez*,
  427 S.W.3d 442, (Tex. App.—San Antonio 2014, pet. granted) .................. 3, 4, 5

*Shelton v. Standard Ins. Co.*,
  389 S.W.2d 290 (Tex. 1965) ................................................................................3

*Tex. Employers' Ins. Ass'n v. Harbuck*,
  73 S.W.2d 113 (Tex. Civ. App.—Beaumont 1934, writ dism'd.*)* ........................3

*Texas Mut. Ins. Co. v. Jerrols*,
  385 S.W.3d 619 (Tex. App.—Houston [14th Dist.] 2012, pet. dism'd.)...........3, 6

*Zurich Am. Ins. Co. v. McVey*,
  339 S.W.3d 724 (Tex. App.—Austin 2011, pet. denied).................................5, 6

**Statutes**

Tex. Lab. Code § 401.011...................................................................................4

_____

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

_____

AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA,
Appellant,

v.

DENISE BUSHMAN,
AS BENEFICIARY OF CLAYTON F. BUSHMAN, JR., DECEASED
Appellee.

_____

On Appeal from
The 25th Judicial District Court of
Guadalupe County, Texas
Cause No. 12-0823-CV

_____

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:**

American Casualty Company of Reading Pennsylvania ("American Casualty") files its Appellant's Reply Brief and requests that this Court reverse the trial court's judgment that Clayton Bushman was in the course and scope of employment at the time of his motor vehicle accident, thus relieving American Casualty Company of Reading Pennsylvania of liability for workers' compensation benefits of, alternatively, remand the matter for trial.

## ARGUMENTS AND AUTHORITIES

The facts presented before this Court fit squarely within the coming and going exclusion from course and scope set forth in Texas Labor Code section 401.011. In order to avoid the unambiguous statutory exclusion from course and scope that applies to these facts, Appellee tries to force inapplicable doctrines to employee travel from home to an employer's work location. Appellee's argument is inconsistent with the plain reading of the statute and is inconsistent with established precedent. Characterizing the travel from home to work as a "business trip" does not implicate the continuous coverage doctrine or bring Mr. Bushman closer to being within the statute's definition of course and scope. The record is clear: Mr. Bushman was traveling from home to a fixed job site at the time of the accident in his personal vehicle and, therefore, was not in the course and scope of employment. Appellee has failed to prove facts that would bring Mr. Bushman into the course and scope of employment.

**Continuous Coverage Is Inapplicable**

Because the accident occurred at the time of Mr. Bushman's travel from home to the work site, the continuous coverage doctrine is inapplicable. Texas law does not apply the continuous coverage doctrine to injuries that occur while driving on the highways. The continuous coverage doctrine is intended to cover employees for injuries arising out of personal necessity, like sleeping in hotels or

eating in restaurants when employees are out of town on business trips. For example, in *Shelton*, the Supreme Court applied the doctrine to evaluate the compensability of a claimant walking across the street from his hotel to the only city café across the street. *Shelton v. Standard Ins. Co.,* 389 S.W.2d 290, 293 (Tex. 1965). In *Aetna Cas. & Sur. Co. v. Orgon,* the doctrine was used where an employee was injured when glass shattered and cut his hand as he was going through his morning preparations in his hotel on an out of town business trip. *Aetna Cas. & Sur. Co. v. Orgon*, 721 S.W.2d 572 (Tex. App.—Austin 1986), writ ref'd n.r.e.). Or, as a third example, when an employee was injured trying to escape a burning hotel he was staying in for an overnight business trip. *Tex. Employers' Ins. Ass'n v. Harbuck*, 73 S.W.2d 113, 115 (Tex. Civ. App.— Beaumont 1934, writ dism'd.)

With the exception of *dicta* in *McVey*, Texas courts including this one, have uniformly not extended the continuous coverage doctrine to injuries while driving to and from work, even when the work was out of town or at an alternative worksite. *Seabright Ins. Co. v. Lopez*, 427 S.W.3d 442, 450 n. 2 (Tex. App.—San Antonio 2014); *Am. Home Assurance Co. v. De Los Santos*, 2012 WL 4096258, (Tex. App.—San Antonio Sept. 19, 2012, pet. denied); *Texas Mut. Ins. Co. v. Jerrols*, 385 S.W.3d 619, 621 (Tex. App.—Houston [14th Dist.] 2012, pet. dism'd.) As this Court aptly explained in *Seabright*, the continuous coverage rule

protects employees whose work is away from *the employer's premises*, not travel from the employee's home to the work site. *Seabright*, 427 S.W.3d at 450 n. 2.

**Mr. Bushman was not on a Special Mission**

The term "special mission" refers to the exception to the coming and going exclusion under Texas Labor Code section 401.011(A)(iii): "When the employee is directed *in the employee's employment* to proceed from one place to another." [emphasis added]. Here, at the time of the accident, Bushman was not yet on the clock because he had not begun his work day, but was traveling to the job site to begin work. As the emphasized portion of the statute states, the special mission exception applies specifically within the context of the work day, not while coming to and going from work. Thus, an employee who was injured while traveling from home to a mandatory work safety meeting located away from the usual work site was not on a special mission for the employer, but was simply traveling to work. *Evans v. Illinois Employers Ins. Of Wausau*, 790 S.W.2d 302, 304 (Tex. 1990).

Contrary to Appellee's position, requesting an employee to work at an alternate work site does not constitute a special mission. The Texas Supreme Court has considered and rejected the notion that work at a different work site constitutes a special mission. As the Texas Supreme Court stated, employees "can have more than one fixed place of employment and that fixed place of employment can change according to the nature of the work." *Id*. Here, as in *Evans*, the employer

"neither supplied the transportation, compensated (Bushman) for transportation time… specified the route to be taken… nor was aware of the route taken…." *Evans,* 790 S.W.2d at 305.

Appellee cites *Zurich Am. Ins. Co. v. McVey* and *Seabright Ins. Co. v. Lopez* to support her position. *Zurich Am. Ins. Co. v. McVey*, 339 S.W.3d 724 (Tex. App.—Austin, 2011); *Seabright*, 427 S.W.3d 442. However, both cases are clearly distinguishable from the facts in this case. First, in both *Seabright* and *McVey*, the employee was traveling in a company provided vehicle, so the exclusion in 401.011(12) did not apply. Here, it does. Thus, in *Seabright* and *McVey*, the question was not applicability of the exclusion but, instead, whether the risk originated in the employment. Further, in *Seabright*, at the time of the accident, the employee had arrived in the area of the job and had been residing in a motel room and traveling between his hotel and the job site in a company-provided vehicle with co-workers at the time of the accident. *Seabright*, 427 S.W.3d at 450. Based on those facts and that the *Seabright* employee would not have been in the area but for the job, the Court found a strong nexus between employment and travel on the day of the accident. *Id.* Here, contrary to *Seabright*, at the time of the accident, Bushman was traveling by himself from his home to the alternate job site in his own vehicle. Thus, there is no such nexus between employment and travel.

*McVey* is also distinguishable because the employee was not traveling to a

work site at the time of the accident, but was traveling in a company vehicle to a leadership conference to receive training at the direction of his employer. *McVey*, 339 S.W.3d 724. The *McVey* court explains: "An employee is generally within course and scope of his employment when the *employer's business requires him to travel **away** from the employer's premises*." *Id*. at 731. In this case, the record shows that Bushman would occasionally work as a dispatcher. (CR 91) On the day of the accident, Bushman was traveling to the employer's premises to begin his work day as a dispatcher and would not be paid until he arrived at work. (CR 96-98) Thus, this case falls squarely within the coming and going exclusion from course and scope.

**The fact that Mr. Bushman traveled further from his home to this job site than otherwise, does not change this analysis.**

An injury received while using public streets and highways in going to or returning from a place of employment is not compensable because it was not incurred in course and scope of employment. The rationale of this rule is that in most instances such an injury is suffered as a consequence of risks and hazards all members of the general public are subject rather than risks and hazards having to do with and originating in the business of the employer. The goal of the statute is to appropriately allocate the risks of travel to work. Risks inherent in the employee's job are allocated to the employer, but risks shared by society as a whole and that do not arise as a result of the employer's work are absorbed by the

6

employee. *Jerrols*, 385 S.W.3d 619.

The business required of Bushman by his employer on the day of the accident was working as a dispatcher at the employer's job site in Elgin. (CR 91) Work as a dispatcher at a fixed job site did not put him at any greater risk for the injury than the ordinary public any more than had he been working any other typical desk job. Thus, the only question is whether Mr. Bushman's travel to a different location further from his home in his personal vehicle, put him in any greater risk than the ordinary public. The case law reveals it does not.

First, the risk related to travel was not inherent in the Bushman's job on the day of the accident. Generally Bushman was a truck driver but, occasionally, he would serve as a dispatcher or dispatch trainer at the employer's Elgin facility. At the time of the accident, he was driving from his home to Elgin to work as a dispatch or dispatch trainer. Contrary to Appellee's assertion, traveling was not part and parcel to the nature of Bushman's work at the time of the accident, as would be the case of traveling salesmen, repairmen, servicemen, deliverymen, etc. *See Jecker v. Western Alliance Ins. Co.*, 369 S.W.2d 776 (Tex. 1963). Second, to find that an individual is within course and scope solely because of longer than usual travel to work would obliterate the statutory purpose behind course and scope as contemplated by the Texas Legislature. Rather than allocating risk based on general public responsibility or a risk created by the employer, this Court would

7

be allocating risk based on distance of travel. Thus, employees who live closer to work would be less protected than those who chose to live in another town. This Court has rejected that concept. *Collins v. Indem.y Ins. Co. of North America*, 2011 WL1631590 (Tex. App.—San Antonio 2011, pet denied). Moreover, the employer would be responsible for the risk assumed by any employee who chose to live in a separate town from her work place. This was clearly not contemplated by the Legislature or by case law. *Id.* To the contrary, the statute is quite clear that, unless an exception is shown, travel to and from work is simply not within the course and scope of employment.

## PRAYER

American Casualty Company of Reading Pennsylvania prays that this Court reverse the judgment of the trial court and render judgment that Clayton Bushman, was not in the course and scope of employment at the time of his motor vehicle accident, thus relieving American Casualty Company of Reading Pennsylvania of liability for workers' compensation benefits, or reverse and remand for trial; and for such other and further relief to which American Casualty Company of Reading Pennsylvania may show itself to be justly entitled.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)

/s/ David Brenner
David Brenner
State Bar No. 02958020
dbrenner@bajb.com
Elizabeth Brenner
State Bar No. 24040570
ebrenner@bajb.com


COUNSEL FOR APPELLANT


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been forwarded to all parties listed below, on this 6th day of April 2015 in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure.

Bradley Dean McClellan
Law Offices of Richard Pena, P.C.
1701 Directors Blvd.
Suite 110
Austin, TX  78744


/s/David Brenner
David Brenner

9

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4 because this brief contains 2,392 words. This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4 because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point.

/s/ DAVID BRENNER