ACCEPTED
04-14-00685-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/16/2015 2:01:22 PM
KEITH HOTTLE
CLERK

DOCKET NO. 04-14-00685-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/16/2015 2:01:22 PM
KEITH E. HOTTLE
Clerk

_____

AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA,
Appellant,

v.

DENISE BUSHMAN,
AS BENEFICIARY OF CLAYTON F. BUSHMAN, JR., DECEASED
Appellee.

On Appeal from
The 25th Judicial District Court of
Guadalupe County, Texas
Cause No. 12-0823-CV

## APPELLANT'S MOTION FOR REHEARING

David Brenner
State Bar No. 2958020
Belinda May Arambula
State Bar No. 24060241
BURNS ANDERSON JURY & BRENNER,
L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)
Attorneys for American Casualty Company of
Reading Pennsylvania

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ..................................................................................... iii

ISSUES PRESENTED FOR REVIEW ................................................................... 2

There are three distinct factors that must be established to demonstrate course and scope in a commuting injury. First, "furtherance;" second, "origination;" and third, one of the exceptions to the commuting exclusion, contained in Texas Labor Code section 410.011(12)(A), must be met. Does the analysis of each factor focus on that factor's unique factual characteristic, or can the factual analysis of one factor substitute for another factor? ............................................................................................... 2

ARGUMENT AND AUTHORITIES ON REHEARING ....................................... 2

    1.   Gratuitously furnishing transportation ....................................................... 5

    2.   A furtherance factual analysis was used to find origination .................... 9

    3.   Exception elements were also used to find origination. ......................... 10

    4.   The court appears to apply a continuous coverage analysis ................... 12

CONCLUSION ...................................................................................................... 14

PRAYER ............................................................................................................... 14

CERTIFICATE OF SERVICE .............................................................................. 15

CERTIFICATE OF COMPLIANCE ..................................................................... 16

# INDEX OF AUTHORITIES

**Cases** Page

*American Home Assur. Co. v. De Los Santos*,
04-10-00852-CV, 2012 WL 4096528 (Tex. App.—San Antonio Sept. 19, 2012, pet. denied) ..................................................................................................5, 6

*American Motorists Ins. Co. v. Steel*,
229 S.W.2d 386 (Tex. Civ. App.—Fort Worth 1950, writ ref'd n.r.e.)................3

*Collins v. Indemnity Ins. of North America*,
2011 WL 1631590 (Tex. App— San Antonio 2011, pet. denied) ....................6, 7

*ESIS, Inc., Servicing Contractor v. Johnson*,
908 S.W.2d 554 (Tex. App.—Fort Worth 1995, writ denied) ..............................4

*Forwood v. City of Taylor*,
14 S.W.2d 282 (Tex. 1948) ............................................................................4, 10

*Int'l Ins. Co. v. Deatherage*,
628 S.W.2d 209 (Tex. App.—Austin 1982, no writ)............................................4

*Leordeanu v. Am. Prot. Ins. Co.*,
330 S.W.3d 239 (Tex. 2010) .........................................................................3, 10

*Lesco Transp. Co., Inc. v. Campbell*, 500 S.W.2d 238 (Tex. Civ. App.—Texarkana 1973, no writ) ....................................................................................................4

*Lumberman's Reciprocal Ass'n v. Behnken*,
112 Tex. 103246 S.W.2d 72, 73 (Tex. 1922).......................................................4

*R.R. Comm'n of Texas v. Texas Citizens for a Safe Future & Clean Water*,
336 S.W.3d 619 (Tex. 2011) .........................................................................4, 11

*SeaBright Ins. Co. v. Lopez*,  ___ S.W.3d ___, No. 14-0272, 2015 WL 3653289 (Tex. June 12, 2015)................................................................. 2, 3, 7, 8, 10

*Seabright Ins. Co. v. Lopez*,
427 S.W.3d 442, (Tex. App.—San Antonio 2014), *review granted* (Feb. 20, 2015), *aff'd sub nom. SeaBright Ins. Co. v. Lopez*, ___ S.W.3d ___, 2015 No. 14-0272, 2015 WL 3653289 (Tex. June 12, 2015) ..............................................7, 13

*Texas Mut. Ins. Co. v. Jerrols,*
385 S.W.3d 619 (Tex. App.—Houston [14th Dist.], pet. dismissed) ..................13

**Statutes**

Tex. Lab. Code § 401.011 .............................................................................3, 10

DOCKET NO. 04-14-00685-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

_____

AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA,
Appellant,

v.

DENISE BUSHMAN,
AS BENEFICIARY OF CLAYTON F. BUSHMAN, JR., DECEASED
Appellee.

On Appeal from
The 25th Judicial District Court of
Guadalupe County, Texas
Cause No. 12-0823-CV

**APPELLANT AMERICAN CASUALTY COMPANY OF READING
PENNSYLVANIA'S MOTION FOR REHEARING**

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF
APPEALS:**

In evaluating course and scope of employment, this Court articulated a three-step analysis required by Texas law in a commuting case. The Court then expressed the unique characteristic of each of those steps. But then, in the Court's factual analysis of each step, the Court appears to interchange elements of one step

1

with those of the other steps. At the same time, the Court's factual analysis appears to overlook a fact which this Court and sister courts have historically held is key in evaluating origination. Because the factual analysis applied by the Court appears inconsistent with its unambiguous statement of the law, and the Court's analysis conflicts with prior decisions of this Court and sister courts, Appellant, American Casualty Company of Reading Pennsylvania, seeks Rehearing.

## ISSUES PRESENTED FOR REVIEW

There are three distinct factors that must be established to demonstrate course and scope in a commuting injury. First, "furtherance;" second, "origination;" and third, one of the exceptions to the commuting exclusion, contained in Texas Labor Code section 410.011(12)(A), must be met. Does the analysis of each factor focus on that factor's unique factual characteristic, or can the factual analysis of one factor substitute for another factor?

## ARGUMENT AND AUTHORITIES ON REHEARING

This Court correctly identified three distinct factors for demonstrating compensability in a commuting case. First, "***furtherance,***" the *injury* must occur while the employee is engaged in or about the furtherance of the employer's affairs or business.[1] Second, "***origination,***" the injury is of a kind and character that had to do with and originates in the employer's work, trade, business, or profession.[2] Third, the Court must also evaluate if an employee qualifies for one of the three

---

[1] Slip opinion, page 8, citing *SeaBright Ins. Co. v. Lopez*, ___ S.W.3d ___, No. 14-0272, 2015 WL 3653289, at *3 (Tex. June 12, 2015).
[2] *Id.*

disjunctive exceptions to the commuting exclusion contained in Texas Labor Code subsections 410.011(12)(A).[3] The exclusion, a codified version of the common law "coming and going" rule, excepts travel to or from work from course and scope unless (i) the transportation is furnished as a part of the contract of employment or is paid for by the employer; (ii) the means of the transportation are under the control of the employer; or (iii) the employee is directed in the employee's employment to proceed from one place to another place.[4]

No element alone is sufficient to demonstrate compensability of an injury;[5] furtherance, origination, and one of the three exceptions must be proven.[6] The evaluation of the furtherance component is separate and apart from origination, and evaluation of the origination component is likewise separate and apart from the exceptions to "coming and going" exclusion.

While the furtherance factor focuses on the business purpose or benefit to the employer from an employee's activity at the time of injury, the origination factor should not. Otherwise, the "origination" factor becomes redundant to the "furtherance" factor and, thus, meaningless. Whether an injury originates in the workplace turns on whether the injury results from a risk or hazard that is

---

[3] *SeaBright Ins. Co. v. Lopez*, ___ S.W.3d ___, No. 14-0272, 2015 WL 3653289, at *3.
[4] Tex. Lab. Code § 401.011 (12)(A); *Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 241 (Tex. 2010).
[5] *American Motorists Ins. Co. v. Steel*, 229 S.W.2d 386, 389 (Tex. Civ. App.—Fort Worth 1950, writ ref'd n.r.e.).
[6] *Leordeanu*, 330 S.W.3d at 244.

reasonably inherent or incident to the work or business.[7] That is why in *Lesco Transp. Co., Inc. v. Campbell*,[8] the court stated that an injury arises out of employment when it reasonably appears from all facts and circumstances that there is a causal connection between the conditions under which work is required to be done and the resulting injury.

A fundamental and universal rule of statutory construction is that a general provision must yield to a succeeding specific provision dealing with the same subject matter.[9] The statute must be read as a whole and interpreted to give effect to every part. When the Legislature uses a word or phrase in one portion of a statute but excludes it from another, the term's exclusion should be interpreted as purposeful and should not be implied where it has been excluded.[10]

Injuries that occur while traveling to or from work require a fact intensive evaluation of origination separately from the existence of the statutory "coming and going" exclusion. Applying the exclusion and the furtherance factors to the origination analysis renders the origination factor meaningless. Here, in evaluating compensability, the Court's opinion does not include the fact intensive evaluation

---

[7] *ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554, 557 (Tex. App.—Fort Worth 1995, writ denied), *citing Lumberman's Reciprocal Ass'n v. Behnken*, 112 Tex. 103, 110, 246 S.W.2d 72, 73 (Tex. 1922); s*ee also Int'l Ins. Co. v. Deatherage*, 628 S.W.2d 209 (Tex. App.—Austin 1982, no writ).

[8] *Lesco Transp. Co., Inc. v. Campbell*, 500 S.W.2d 238 (Tex. Civ. App.—Texarkana 1973, no writ).

[9] *Forwood v. City of Taylor*, 214 S.W.2d 282, 285-86 (Tex. 1948).

[10] *R.R. Comm'n of Texas v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619 (Tex. 2011).

of the employer's business, which the Texas Supreme Court required in both *Seabright* and *Leordeanu*, while ignoring those facts which this Court historically held preclude finding origination. Then the opinion not only applies the coming and going factors but, also the furtherance factor, to its evaluation of origination. Finally, the Court's opinion conflicts with previous opinions of this Court and the Texas Supreme Court. For this reason, American Casualty respectfully requests rehearing.

## 1. *Gratuitously furnishing transportation*

This Court has held that a failure to prove that transportation was provided as a necessity for the employer to secure workers, as opposed as to a gratuity, precludes summary judgment on the question of origination. Yet, here, the Court overlooked this aspect of origination.

In *American Home Assur. Co. v. De Los Santos*,[11] Noela De Los Santos was driving a company truck from home to work at a remote well when killed in an accident. The widow, like here, argued that because De Los Santos was required to drive for work, and was driving to work in a company-provided truck, the accident originated in the employer's business. This Court held that, as a general rule, an employee's travel originates in his employer's business if the travel was pursuant to the express or implied requirements of the employment contract. This Court

---

[11] *American Home Assur. Co. v. De Los Santos*, 04-10-00852-CV, 2012 WL 4096528 (Tex. App.—San Antonio Sept. 19, 2012, pet. denied).

held that while the evidence showed that the employer provided De Los Santos with a company truck, the evidence failed to establish why the truck was furnished. None of the stipulated facts addressed the issues of whether the employer provided De Los Santos with a company truck because the worksite was remote, or because the company-furnished truck was part of the employer's plan to have its employees arrive and leave at the same time. Nor did the stipulated facts show it was necessary for the employer to furnish De Los Santos with a company truck in order to induce him to work at this worksite. Therefore, this Court concluded that the evidence simply did not demonstrate that the company truck driven by De Los Santos was an integral part of his employment contract. Because the mere gratuitous furnishing of a vehicle by an employer to the employee is not sufficient to demonstrate origination, this Court held summary judgment in favor of the employee was inappropriate.[12]

In *Collins v. Indemnity Ins. of North America*,[13] this Court considered an injury that occurred to a flight attendant while commuting home from Houston to San Antonio on an employer aircraft. Distinguishing furtherance from origination, this Court held that because Collins offered no evidence in the record that she planned to do work as she was traveling home, Collins failed to prove her travel

---

[12] *De Los Santos*, 04-10-00852-CV, 2012 WL 4096528.
[13] *Collins v. Indemnity Ins. of North America*, 2011 WL 1631590 (Tex. App— San Antonio 2011, pet. denied).

home related to or originated in her employer's business.[14]

Again, in *Seabright Ins. Co. v. Lopez*,[15] this Court dealt with a compensability question for an employee killed while driving from a motel, 450 miles away from his home, to a nearby worksite in a company-provided vehicle. In evaluating origination, this Court again held that while an employer's provision of transportation might be some evidence that an employee's trip originated in his employer's business, it is insufficient *in itself* to establish origination. Only employer-provided transportation that amounts to a necessity, from the employer's perspective, and not just a gratuitous accommodation to the employee, is sufficient to prove that travel originated in the employer's business.[16]

In reviewing this Court's decision in *Seabright*, the Texas Supreme Court, focusing on the origination factor and consistent with historical precedent, held that an employee's travel to and from work cannot ordinarily be said to originate in the employer's business because the risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the employer's work.[17] However, a distinction can be made if the relationship between the travel and the employment is so close that it can fairly be

---

[14] *Collins Indemnity Ins. Of North America,* 2011 WL 1631590.
[15] *Seabright Ins. Co. v. Lopez*, 427 S.W.3d 442, (Tex. App.—San Antonio 2014), *review granted* (Feb. 20, 2015), *aff'd sub nom. SeaBright Ins. Co. v. Lopez*, ___ S.W.3d ___, 2015 No. 14-0272, 2015 WL 3653289 (Tex. June 12, 2015).
[16] *Id*. at 448- 449.
[17] *SeaBright Ins. Co. v. Lopez*, ___ S.W.3d ___, 2015  No. 14-0272l 2015 WL 3653289.

said that the injury had to do with and originated in the work, business, trade, or profession of the employer.[18] Undertaking a fact intensive evaluation of the nature and business model of the employer's business, the Court concluded the employer's business called for employing specialized, non-local work crews in constantly changing, remote locations on temporary assignments.[19] The employer's business required its installation workers, like Lopez, to obtain temporary housing and travel from that temporary housing to that temporary, remote location. Lopez's travel from his temporary housing to the Ridge job site and, more importantly, the risks associated with such travel, were dictated by the employer's business model and enabled by the employer's provision of the vehicle and payment of per diem and other expenses. Thus, the Court concluded that the evidence conclusively established Lopez was exposed to a risk or hazard that originated in the employment at the time of his injury.[20]

Yet, here, unlike the Texas Supreme Court's analysis in *Seabright*, the Court's opinion has no factual analysis of the nature of the employer's business or the employer's business model, nor did it evaluate how or why the employer's business model increased the risk of harm to Clayton Bushman while commuting to Elgin. Unlike this Court's analysis in *Collins,* the opinion here does not analyze

---

[18] *SeaBright Ins. Co. v. Lopez*, ___ S.W.3d ___, 2015  No. 14-0272 WL.
[19] *Id.*
[20] *Id.*

whether Clayton Bushman was undertaking any task for the employer at the time of his injury, other than commuting.

While the Court acknowledges that it should review summary judgment evidence "in the light most favorable to the party against whom the summary judgment was rendered,[21] (Appellant here), it finds the fact that mileage was reimbursed as a strong factor in favor of origination. The Court's reliance on this fact conflicts with precedent, that summary judgment is not appropriate if there is no proof that employer reimbursement is a necessity from the employer's perspective, as opposed to a gratuitous accommodation to the employee.

Here, Appellee failed to present any evidence that mileage was paid as a necessity of employment and, in fact, the evidence established the contrary: the employer specifically testified that Clayton Bushman was not paid for his commute time and paying mileage to commute to work was not necessary for Salem to attract dispatchers.[22] Thus, applying this Court's previous precedent, the granting of summary judgment should have been reversed.

2. *A furtherance factual analysis was used to find origination.*

The Court's opinion suggests that because driving from his home in Sequin to Elgin, as opposed to Clayton Bushman's regular commute from Seguin to San Antonio, was necessary for Clayton Bushman to perform his job, this created

---

[21] Slip opinion at page 7.
[22] CR 248.

9

origination as a matter of law. The analysis is problematic because it applies a *furtherance* analysis to *origination*. Furtherance and origination are each unique elements of the analysis.[23] Travel to work fulfills the furtherance element of course and scope because an employee's travel to and from work is necessary for an employee to perform his job and makes employment possible.[24] While the necessity of the employee driving to work to ultimately perform his job is clearly a furtherance factor, the Court's opinion treats it as an element fulfilling origination.

### 3. *Exception elements were also used to find origination.*

The three disjunctive exceptions to the coming and going exclusion from course and scope contained in Texas Labor Code subsections 410.011(12)(A)[25] are met when (i) the transportation is furnished as a part of the contract of employment or is paid for by the employer; (ii) the means of the transportation are under the control of the employer; or (iii) the employee is directed in the employee's employment to proceed from one place to another place.[26] Because a fundamental and universally accepted rule of statutory construction is that a general provision must yield to a succeeding specific provision dealing with the same subject matter,[27] and that words or phrases in one portion of a statute that are excluded

---

[23] Slip opinion at page 8, citing *SeaBright*, ___ S.W.3d ___, 2015  2015 WL 3653289, at *5.
[24] *Id.*
[25] *Id.*.
[26] Tex. Lab. Code § 401.011(12)(A); *Leordeanu*, 330 S.W.3d at 244.
[27] *Forwood,* 214 S.W.2d 282.

10

from another should be interpreted as purposefully excluded,[28] it must necessarily be concluded that the evaluation of origination factor is factually unique from the exceptions to the coming and going exclusion. Yet, to find origination, in addition to considering evidence germane to furtherance as discussed above, the Court looked at two exclusion facts. The Court stated:

> Salem did not ordinarily reimburse Clayton for travel from his home in Seguin to the truck yard in the San Antonio area, but Salem would reimburse Clayton for his travel expenses for traveling from Seguin to Elgin and his lodging expenses if he chose to stay overnight in Elgin.[29]

This appears to be the same evidence relied upon by the Court to evaluate the exclusion (*i*) from coming and going, that is, whether the transportation is furnished as a part of the contract of employment or is paid for by the employer.

The Court also identified the following fact as relevant to origination: "Salem instructed Clayton, who lived in Seguin, to report to Elgin and work there for a week to train a new dispatcher."[30] This, too, is a disjunctive coming and going exclusion exception: whether the employee is directed in the employee's employment to proceed from one place to another place. In evaluating the facts relied on by the Court for origination, one can only conclude that meeting the exception under Texas Labor Code section 401.011(12)(A) is synonymous with finding origination. However, the Court's own summary of relevant law concludes

---

[28] *R.R. Comm'n of Texas*, 336 S.W.3d 619.
[29] Slip opinion, page 10.
[30] *Id.*

11

that it should not be so. Thus, the Court's factual analysis of origination appears irreconcilable with the Court's instruction on the factually unique three-step analysis required.

### 4. *The court appears to apply a continuous coverage analysis*

Finally, the Court's opinion appears to suggest that because of the change in work locations, the forty-mile difference in the commute (Seguin to San Antonio–39 miles v. Seguin to Elgin–79 miles), and the option of overnight accommodation, the origination element is met. In essence, the Court appears to implicitly expand continuous coverage to commuting, when an out of town commute is required. But how can the opinion be reconciled with this Court's and other Courts' express refusal in previous decisions to expand continuous coverage to encompass the commute out of town? In *Seabright*, this Court rejected this very approach stating:

> Mrs. Lopez contends these facts entitle her husband to the protections of the "continuous coverage" rule. In Texas, the "continuous coverage" rule regards an employee whose work entails travel away from the employer's premises as being continuously within the course of their employment during the trip, except when a distinct departure on a personal errand is shown. *Shelton,* 389 S.W.2d at 293; *Aetna Cas. & Sur. Co. v. Orgon,* 721 S.W.2d 572, 575 (Tex.App.-Austin 1986, writ ref'd n.r.e.); *see also McVey,* 339 S.W.3d at 731–32. However, as Seabright correctly argues, the "continuous coverage" rule does not apply here because the rule protects "employees whose work entails travel away from *the employer's premises,*" not the employee's home. *Shelton,* 389 S.W.2d at 293 (emphasis added). Lopez's tenure in Marlin may have been a trip away from home, but it was also travel *to* the employer's premises as opposed to travel *away*

12

from such premises.[31]

In *Jerrols*, the 14th Court analyzed an automobile accident that occurred while returning from lunch to work.[32] The claimants, three oilfield workers who lived in Houston, were sent to work outside Jal, New Mexico, near the Texas-New Mexico Border. The workers would stay fifty days on the job, come home for four days, and then return to the job. They stayed overnight at a hotel in Kermit, Texas, about twenty miles from the job, and would commute back and forth in a company-provided vehicle. The employees would generally commute together to the Town & Country store, about two miles away for lunch and then return to the job site.

In arguing compensability, the injured employees argued that the continuous coverage doctrine encompassed all activities and events occurring from the time they left Houston for New Mexico until they returned to Houston. In reversing the trial court's summary judgment, the court rejected this argument as an expansive characterization of the continuous coverage doctrine[33] and, instead, concluded that the proper method to evaluate compensability was the dual purpose doctrine, and then finding conflict resulting in the reversal of summary judgment.[34]

---

[31] *Seabright*, 427 S.W.3d at 450.
[32] *Jerrols,* 385 S.W.3d 619.
[33] *Id* at 633.
[34] *Id* at 635.

## CONCLUSION

Here, while the Court accurately reflects the required three-step analysis for evaluating compensability in a travel case, the Court's application of the facts to those steps appears irreconcilable with the standards articulated by the Court and prior precedent. Because the record demonstrates that the furnishing of transportation was gratuitous, the Court should, at the very least, have concluded that a question of fact existed precluding the granting of summary judgment in favor of Appellee.

## PRAYER

American Casualty Company of Reading Pennsylvania prays that this Court grant rehearing; reverse the judgment of the trial court and render judgment that Clayton Bushman, was not in the course and scope of employment at the time of his motor vehicle accident or, alternatively, reverse and render this case for trial on the disputed facts; and for such other and further relief to which American Casualty Company of Reading Pennsylvania may show itself to be justly entitled.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER,
L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)

/s/ David Brenner
David Brenner
State Bar No. 02958020
dbrenner@bajb.com
Belinda May Arambula
State Bar No. 24060241
barambula@bajb.com

COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been forwarded to all parties listed below, on this 16th day of September 2015 in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure.

Bradley Dean McClellan
Law Offices of Richard Pena, P.C.
1701 Directors Blvd.
Suite 110
Austin, TX 78744

/s/David Brenner
David Brenner

15

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4 because this motion contains 3,590 words. This motion complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4 because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point.

/s/ DAVID BRENNER